Christy agt. Kiersted.

## ✦ SUPREME COURT.

EMMA L. CHRISTY *et al.* agt. NATHANIEL C. KIERSTED *et al.*

ELISHA KILBURN *et al.*, as administrators, &c., agt. MILES COE.

*Trial of issue of law — in the proper county.*

Where there is a demurrer to the whole complaint, the issue of law thereon must be tried in the county designated in the complaint. It cannot be tried as a mere motion at any special term in the judicial district.

The court may change the place of trial, when the county designated in the complaint is not the proper county; and this irrespective of issues, whether of law or of fact. If changed, the trial must be had in the county to which it is changed. If not changed, the trial must be had in the county designated in the complaint.

*Erie Special Term, August 25, 1874.*

*Allen & Thrasher*, for plaintiffs in first case.

*F. S. Smith*, for defendant.

*Jenkins & Congdon*, for plaintiffs in second case.

*Allen & Thrasher*, for defendant.

LAMONT, *J.*—The place of trial designated in the complaint in the first action is Cattaraugus county; in the second, Chautauqua county; and in each there is a demurrer to the whole complaint. In both actions the objection is made, that the trial of such issues of law cannot be had in Erie county; and, on the other hand, it is claimed that such issues may be tried, as mere motions, at any special term in the judicial district.

The Code requires that the complaint shall contain (among other things) the name of the county in which the plaintiff desires the trial to be had (*Sec.* 142). I cannot find any authority in the Code or in the general rules of the court to bring on a trial of the action in any other county than the one so designated, unless it is done by consent of parties or by order of the court. The rules do not prescribe *where* such a trial shall take place. If the general rules of the court should denominate the trial of an issue of fact as an enumerated motion, I should still doubt if such trial could be had at any place in the district. If we look at the Code, it will be found that the distinction prevails throughout, between a motion and a trial, an order and a judgment, a notice of motion and a notice of trial.

The defendants in both these actions demur to the whole complaint, and they do not, on the hearing, apply or ask for an order, but for a judgment; and if they succeed they obtain a judgment, unless the court may see fit to grant plaintiffs leave to amend. The nature of the application determines whether it is a motion or not (*sec.* 401), if we adhere to the Code definition. It is also provided that the party noticing the action for trial shall furnish *the clerk* with a note of the issue, and *the clerk* shall enter the cause upon the calendar (*Sec.* 256). What clerk? The clerk of the county mentioned in the title of the complaint (*sec.* 466), or in another county to which the court may have changed the place of trial. *Ward* agt. *Davis* (6 *How.*, 274) decides nothing. The plaintiff attempted to bring on the trial of an issue of law — a demurrer — in a county other than that designated in the complaint. The other party took no notice of his motion, and the court allowed him to withdraw his papers, they being defective. The learned justice who wrote an opinion in that case says, expressly, that if the provisions of the Code (to which he refers) are to be construed literally, that Saratoga county (*i. e.*, the county designated in the complaint) is the county where this issue of law as well as the issue of fact is

to be tried. But he seems to found a contrary conclusion upon the circumstance that the title of the Code relating to changing the place of trial applies only to the trial of issues of fact. I am not able to perceive how the provision relating to a change of the place of trial touches the question as to where the trial ought to be before such change is made or afterward. The learned justice says he is of opinion that title 4 of part 2 of the Code (§§ 123 *to* 126) relates *exclusively* to the trial of issues of fact, in which observation he is certainly mistaken, for the language is; if the county designated for that purpose in the complaint be not the proper county, the action may, notwithstanding, be tried therein, unless the defendant, *before the time for answering expire*, demand, in writing, that the trial be had in the proper county, and the place of trial be thereupon changed by consent of parties, or by order of the court, as is provided in this section (126). Such demand must be *before* issue joined, and the party so demanding may force a change of the place of trial, if his demand is made in due time, even though he suffer a default. It is a matter of absolute right (3 *Abbott*, 16, *in note to Wood* agt. *Hollister, and cases cited; Hubbard* agt. *Nat. Protec. Ins. Co.*, 11 *How.*, 149). The court may (and will) change the place of trial when the county designated in the complaint is not the proper county; and this, irrespective of issues, whether of law or of fact. Until the place of trial is changed in the manner by the Code prescribed, every trial must take place in the county designated in the complaint. And after the place of trial is changed, every trial must be had in the county to which the place of trial is changed. The language of the Code is plain, and the literal reading expresses the true meaning.

Both these cases are, therefore, stricken from the calendar for being placed there irregularly.