DETERMINED IN THE

# SECOND DEPARTMENT

IN THE

## APPELLATE DIVISION,

### April, 1898.*

LYDIA WOODWORTH, Respondent, v. BROOKLYN ELEVATED RAILROAD
COMPANY and FREDERICK UHLMANN, as Receiver of said Com-
pany, Appellants. (No. 1.)

Vol. 29.
App. Div.
29   1
†45  355

RAYMOND GASCON, Respondent, v. THE SAME, Appellants. (No. 2.)

MARY M. PARSONS, Respondent, v. THE SAME, Appellants. (No. 3.)

LYDIA F. BOWLEY, Respondent, v. THE SAME, Appellants. (No. 4.)

*Elevated railroad — an abutter's action may be maintained against an elevated rail-
road company and its receiver appointed in foreclosure proceedings — all owners of
undivided interests in the abutting property should be made parties.*

An owner of property whose easements of light, air and access have been appro-
priated without compensation by an elevated railroad company which has built
its road along the street upon which the owner's property abuts, may prop-
erly bring an action to restrain the maintenance and operation of the road
unless payment of his past and fee damages be made, both against the railroad
company itself and a receiver thereof appointed in mortgage foreclosure pro-
ceedings against it.

The complaint in such an action states a single cause of action for an injunction,
the demand for damages being merely incidental to the main relief.

In such an action all the owners of undivided interests in the abutting property
should be made parties, either as plaintiff or defendant.

APPEAL by the defendants, the Brooklyn Elevated Railroad Com-
pany another, in each of the above-entitled actions, from an
interlocutory judgment of the Supreme Court in favor of the plain-

* The other cases of this term will be found in volume 28 App. Div.—[REP.

APP. DIV.—VOL. XXIX.   1

## 2 WOODWORTH v. BROOKLYN ELEVATED R. R. CO.

tiff in each of the above-entitled actions, entered in the office of the clerk of the county of Kings on the 25th day of February, 1898, upon the decision of the court rendered after a trial at the Kings County Special Term, overruling the joint demurrer of the defendants to the supplemental complaints of the plaintiff in each of the above-entitled actions.

The same points were involved in the four above-entitled actions, which were brought by persons owning undivided interests in the same property, the four actions being tried at the same time.

*George W. Wingate* [*Alex. S. Lyman* with him on the brief], for the appellants.

*Theodore B. Gates*, for the respondents.

WOODWARD, J.:

The plaintiffs in this action, or series of actions involving the same points, are the owners of a house in Lexington avenue, Brooklyn, known as No. 41 of said street. The defendant corporation, of which the defendant Uhlmann has been appointed receiver in mortgage foreclosure proceedings, has constructed an elevated railroad in and along said Lexington avenue, passing the residence of these plaintiffs. It is alleged in the complaint that the defendant company has " taken and appropriated to its own use part of the plaintiff's easement of air, light and access in and to said street as owner of his said premises," and that defendant " has never made any compensation to plaintiff, nor taken any proceedings to condemn or acquire, for the use of said elevated railway, the said easements of air, light and access taken and used by the defendant as aforesaid." Judgment is, therefore, demanded against the defendant, enjoining and restraining it from maintaining and operating the said elevated railroad, except upon the payment of the permanent damages which the plaintiff may sustain, as well as of the damages already sustained.

This action was originally brought against the railroad company, but by an order of the court Mr. Uhlmann, as receiver, was made a party defendant, with leave to the plaintiffs to serve a supplemental complaint. This supplemental complaint varies in no essential particular from the original complaint, except in adding the

name of Mr. Uhlmann as receiver in the title of the action, and in a paragraph reciting the fact of his appointment, and the order of the court making him a party defendant. To this supplemental complaint the defendants enter a joint demurrer, on the ground that there "is a defect of parties plaintiff herein in the omission of Raymond Gascon, Mary M. Parsons and Lydia F. Bowley, the owners of the remaining two-thirds ($\frac{2}{3}$) undivided parts of the premises described in the complaint," and that "causes of action have been improperly united, in that a separate cause of action to recover damages for alleged trespass, which can exist only against the defendant, the Brooklyn Elevated Railroad Company, as sole defendant, has been improperly united with a separate alleged cause of action for an injunction and incidental damages, which can exist only against the defendant Frederick Uhlmann, as Receiver of the Brooklyn Elevated Railroad Company, as sole defendant."

We are of the opinion that there is a defect of the parties plaintiff in each of these actions. "The general rule, as sanctioned by the authorities, is, unquestionably," say the court, in the case of *Shepard* v. *Manhattan Railway Co.* (117 N. Y. 448), "that all persons materially interested in the subject of the action and in the relief sought ought to be made parties. The Code of Civil Procedure, by its provisions, manifestly recognizes this principle, which, from so early a day in the history of equity jurisprudence, has been so essential a feature in equity procedure. Section 446 provides for the joinder of ' all persons having an interest in the subject of the action and in obtaining the judgment demanded,' " and this is clearly the case in the action now before us. (*De Puy* v. *Strong*, 37 N. Y. 372.) This is not, however, a fatal defect, as the Code of Civil Procedure provides, at section 497, that: "Upon the decision of a demurrer, either at a general or special term, or in the court of appeals, the court may, in its discretion, allow the party in fault to plead anew or amend upon such terms as are just," and this seems to us a case in which it is proper for the exercise of this discretion, and the several plaintiffs should be allowed, without the payment of costs, to amend their pleadings by making one cause of action, in which all of the plaintiffs shall be joined.

We come, then, to the consideration of the second point raised by the joint demurrer: "That causes of action have been improperly

united, in that a separate alleged cause of action to recover damages for alleged trespass, which can exist only against the defendant, the Brooklyn Elevated Railroad Company, as sole defendant, has been improperly united with a separate alleged cause of action for an injunction and incidental damages, which can exist only against the defendant Frederick Uhlmann. as receiver of the Brooklyn Elevated Railroad Company as sole defendant." This position seems to us untenable. There is but one cause of action; the plaintiffs sue for an injunction, and they have a right to ask for the damages incident to the equitable relief. "Although he had a remedy at law for the trespass," say the court, in the case of *Williams* v. *The N. Y. C. R. R. Co.* (16 N. Y. 111), "yet, as the trespass was of a continuous nature, he had a right to come into a court of equity and to invoke its restraining power to prevent a multiplicity of suits, and can, of course, recover his damages as incidental to this equitable relief." This case was cited with approval in the case of *Shepard* v. *Manhattan Railway Co.* (*supra*), the court continuing the subject by saying that: "The violation of the property rights of abutting owners being adjudged in such an action, the awarding of damages, sustained in the past from the defendants, follows, they being, on equitable principles, deemed incidental to the main relief sought. (Story Eq. Jur. 794, 795, 799.) With the object of doing complete justice to all persons interested, if the incidental relief to be granted, by way of damages for the past injuries, affects other parties than the present owners of the fee, is there any reason why those other parties should not be brought into the action? I see none, where the parties so joined derive their rights of action from the same source, in the injury to the same property rights, and have a common interest in their enforcement. The equitable principle in the administration of justice *demands the presence of all persons whom the decree of the court can affect and bind,* and these defendants cannot be prejudiced by the application of this principle. If the decree grants the injunction demanded against the maintenance and operation of the road of the defendants, and awards damages for the injuries and losses sustained by the owners of the property in the past, these damages must be awarded by the court, as the several rights of persons to the same shall be ascertained, and they will be apportioned to and among those persons accordingly."

"It is the constant aim of a court of equity," says Mitford's Chancery Pleadings (p. 163), "to do complete justice by deciding upon and settling the rights of all persons interested in the subject of the suit; to make the performance of the order of the court perfectly safe to those who are compelled to obey it, and to prevent future litigation," and to this end it is necessary not only that all of the plaintiffs should be made parties, but that all of the persons who are to be affected by the judgment should be parties to the single action.

As was said by the court in the case of *Henderson* v. *N. Y. C. R. R. Co.* (78 N. Y. 430): "In the exercise of its equitable jurisdiction the court, or referee acting in its place, may give full relief, having regard to the rights and interests of both parties." Again in the same case the court say: "As to the other question, it was also then held that the right of the plaintiff to come into a court of equity rested upon the fact that the trespass complained of was of a continuous nature, and that he might invoke its restraining power to prevent a multiplicity of suits, and could, of course, recover his damages as incidental to this equitable relief. It would seem, therefore, that the plaintiff should recover in this action all his damages, for, if not, then the apprehended evil would not be averted, and the defendant would be subjected to fresh litigation from day to day, and neither party be better off than if the plaintiff had resorted to the other forum, but as it is, the court has power to do complete justice, and a purpose to render it must have been in the mind of the court upon the first appeal, or its language would have been qualified and not general."

It is urged, however, with much of plausibility, that this rule does not apply to the present case because of the fact that the receiver, who has been made a party defendant, is merely a receiver in the interests of the mortgagees, and that he cannot be charged with the torts of the defendant company committed prior to the time of his appointment as such receiver. It is pointed out, and the proposition is sustained by much of authority, that a receiver in a mortgage foreclosure proceeding is "confined to the care and preservation of the mortgaged property," and that his appointment gives him "temporary management of the railroad under the direction of the court, nothing more." (*Decker* v. *Gardner*, 124 N. Y. 334.) The

corporation is not dissolved.  " The receiver by virtue of his appointment," say the court in the case of *U. S. Trust Co.* v. *N. Y., W. S. & B. R. Co.* (101 N. Y. 478), "takes possession of the mortgaged property, and receives the rents and profits as the officer of the court, but the title to the property is not changed, but remains in the mortgagor until a sale under the decree in the action."  It has been held repeatedly that a receiver in a mortgage foreclosure proceeding is not answerable for the torts of the owner of the property, committed prior to his appointment as such receiver, but these cases have no bearing upon the question now before us.  The Constitution of this State declares (Art. 1, § 6)," nor shall private property be taken for public use without just compensation."  The plaintiffs in this action assert that their property rights in certain real estate in the city of Brooklyn have been taken by the defendants without the payment of just compensation, and this action is brought for the purpose of restraining the defendants from a further use of such property rights without first having paid for the same.  The use of this property is essential to the defendants and to the mortgagees ; neither of these parties has any right to this property as against these plaintiffs if they are, in fact, the owners of the property ; it has been taken from them without the payment of just compensation, and the plaintiffs are entitled, on establishing their rights to the property, to a judgment against any and all persons or corporations who are in possession of their property.  In other words, the defendant corporation, owning no title to the property of these plaintiffs, could not have mortgaged it to the mortgagee ; he has no better title than the mortgagor, and these plaintiffs have a clear right to reach any and all parties claiming or exercising rights over their property, or to follow it into the hands of the purchasers of the property of the defendant company.  Their claim, if it has any existence, is a lien upon the property in whatever hands it may be found, and is superior to all mortgages which the railroad company may have given.  As was said in the case of *Lynch* v. *Metropolitan El. R. Co.* (129 N. Y. 274): "The action was one purely for a court of equity, for the main relief sought was an injunction against the defendants restraining them from maintaining and operating their elevated railroad.  To the assertion of this ground for the equitable interference of the court, the facts in the complaint were

marshalled, and to the necessity for granting that species of relief every allegation of the complaint was framed and calculated to lead.  There was but one cause of action stated in this complaint, and that was the claim for relief against the continued trespass upon the complainant's properties.  The demand for past damages, included in the prayer for judgment, does not have the effect to set up an independent cause of action.  It is nothing more than a demand that the court, having adjudged the plaintiff entitled to the equitable relief prayed for, and having acquired entire jurisdiction of the action, will assess the damages which appear to have been sustained down to the trial."  That is the situation in the case at bar ; there is but one cause of action set up in the complaint, and that is for an injunction restraining the defendants from using the property of the plaintiffs without the payment of just compensation.  The receiver, as the temporary manager of the railroad and as the holder of some part of the assets of the defendant company, is a proper party to this action, and it cannot be assumed that a court of equity in rendering its judgment will fail to discriminate as between the defendants in doing justice to all parties.

The judgment of the Special Term overruling the demurrer, with the modification suggested as to the first ground of the demurrer, is affirmed.

All concurred, except CULLEN, J., not sitting.

Interlocury judgment reversed and judgment directed for defendants on demurrer in each case, without costs, with leave to the plaintiff in action No. 1 to amend the summons by making the other owners of the premises co-plaintiffs, or, in case they decline to become plaintiffs, defendants in the action, and with further leave to serve an amended supplemental complaint within twenty days, without costs, and with leave to the plaintiffs in the other three actions to discontinue said actions, without costs to either party.