(27 Misc. Rep. 14.)

KISSAM v. BREMMERMAN.

(Supreme Court, Special Term, Kings County. December, 1898.)

ISSUES OF LAW—HEARING ON DEMURRER.

Under Code Civ. Proc. § 990, making an issue of law triable in any county in the judicial district embracing the county wherein the action is triable, a demurrer may be noticed and brought to trial in a county other than that designated in the complaint for the trial of the action.

Action by Edward V. B. Kissam against John W. Bremmerman. Motion to vacate a judgment for plaintiff. Denied.

Charles Bradshaw, for plaintiff.
Charles S. Simpkins, for defendant.

WARD, J.   This application to vacate a judgment presents a question whether an issue of law can be regularly noticed and brought to trial in a county other than that designated in the complaint for the trial of the action.   The place of trial indicated in the complaint is Queens county.   The plaintiff demurred to the answer, and noticed the issue raised by the demurrer for trial at the Kings county special term.   The defendant disregarded this notice, and judgment was taken against him.

Whether the plaintiff's procedure was regular or not depends upon the construction to be given to section 990 of the Code of Civil Procedure, which reads as follows:   "An issue of law may be tried in any county within the judicial district embracing the county wherein the action is triable," etc.   This provision was not contained in the Code of Procedure, but is new, and its meaning does not seem heretofore to have been called in question.   Under the practice before the Code, issues of law were brought to trial in the county designated by the court, which was not necessarily that in which the venue of the action was laid.   Laws 1847, c. 280, § 46.   By Code 1851, § 255, it was expressly provided that "issues of law must be tried only at the general term, unless the court order the trial to be had at special term"; but in the following year issues of law were first made triable at special term, and this practice has ever since prevailed, the place fixed for the trial of the action being regarded as the place of trial of any issue of law raised therein by the demurrer.   Under these provisions, it was held in Christy v. Kiersted, 47 How. Prac. 467, that an issue of law must be tried in the county designated in the complaint, and that there was no distinction in this regard between issues of law and issues of fact; whereas, it was intimated in Ward v. Davis, 6 How. Prac. 274, that under the Code of 1849 demurrers might be noticed, like motions, for hearing at any special term within the judicial district embracing the county where the action was triable.

All the provisions of law which fix the locality of actions, or relate to changes of the place of trial, are intended to promote the convenience of parties or their witnesses, or to insure an impartial trial of issues of fact, and manifestly have no application to the argument of a demurrer; and by placing in section 990 the expression, "in any county within the judicial district," in antithesis with the "county where the action is triable," the legislature made clear the purpose to remove from the trial of issues of law the restrictions of the latter, and to restore the freedom of the earlier, practice, and thus to secure the speedy decision of demurrers, which often, especially in counties in the country districts where there are few special terms, obstruct and embarrass the trial of causes upon their merits.   To hold that an issue of law cannot be properly noticed for trial in a county in which it is expressly provided that such an issue "may be tried" would be to place a construction upon the statute which would be contradictory of its plain terms.   The motion to set aside the judgment as irregular is denied.

Motion denied.