(159 App. Div. 821)

### SHIFFNER v. BECK.

(Supreme Court, Appellate Division, Second Department. December 31, 1913.)

JUDGMENT (§ 106*)—DEFAULT—ORDER TO ASSESS DAMAGES.

Where defendant demurred to the complaint and moved for judgment on the pleadings, and the demurrer was overruled with leave to defendant to withdraw the demurrer and answer within 20 days, otherwise plaintiff to have final judgment and assessment of his damages by a jury, an order directing such assessment to be made after defendant's default was proper; it taking the place of an interlocutory judgment which would have been entered under the former practice.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 180–197; Dec. Dig. § 106.*]

Appeal from Special Term, Orange County.

Action by Clara Shiffner against George H. Beck. From an adverse order, plaintiff appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

John F. Bradner, of Middletown, for appellant.
Charles E. Travis, of New York City, for respondent.

RICH, J. In February, 1912, this action was commenced to recover for malicious prosecution. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, and thereafter moved for judgment on the pleadings. Upon the hearing it was ordered that the plaintiff have judgment overruling said demurrer, without costs, but with leave to the defendant within 20 days after service of a copy of said judgment to withdraw said demurrer and answer the complaint, and that, in case of a failure of the defendant to serve an answer within that time, plaintiff have final judgment against said defendant for the relief demanded in the complaint, and for that purpose that the plaintiff's damages be assessed by a jury, and that a writ of inquiry issue to the sheriff of the county of Orange for that purpose. No appeal was taken from this order, defendant's counsel being of the opinion that it was necessary for plaintiff to enter an interlocutory judgment, and plaintiff subsequently moved for a writ of inquiry and assessment of damages by a sheriff's jury. The defendant thereupon procured an order requiring the plaintiff to show cause why the proceedings for the assessment of damages should not be stayed, the writ of inquiry vacated and set aside, and such other relief granted as might be just and proper. Upon the hearing a stay was granted upon the ground that the original order was improper in form, and the order was amended and resettled so that it should read:

"Ordered, that the said motion be, and the same hereby is, denied with $10 costs, with leave to the defendant, within 20 days after service of a copy of this order as resettled, upon his attorneys, to withdraw said demurrer and answer the complaint herein."

Under the present practice, the plaintiff's procedure was authorized and proper; the order took the place of the interlocutory judgment, which would have been entered under the former practice; and nothing further was required. National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846; Id., 203 N. Y. 556, 96 N. E. 1122. The defendant was in default, and the plaintiff was at liberty to assess her damages by sheriff's jury as directed by the order.

I think the effect of resettling the order of August 19, 1912, was to extend the defendant's time to appeal from the determination, which the learned court had no authority to do. The order may be reviewed, however, on appeal from the final judgment, and the defendant's rights preserved.

The orders must be reversed, with $10 costs and disbursements. All concur.