(166 App. Div. 583)

### ARMSTRONG v. CORCORAN.

(Supreme Court, Appellate Division, Fourth Department.    March 3, 1915.)

1. PLEADING ⊚⇒218—DEMURRER—HEARING—INTERLOCUTORY JUDGMENT BY DEFAULT—VENUE OF ISSUE ON DEMURRER.

   Under Code Civ. Proc. § 964, providing that an issue of law arises only upon demurrer, and section 976, providing that an issue of law may be brought on and tried at any term of court as a contested motion, where the venue of the action was laid in Y. county, trial of defendant's demurrer to the complaint as a contested motion in S. county was proper, the presumption of regularity of the court's proceedings serving to supply the omission in the record of an entry to the effect that notice of the trial of the issue was of a contested motion.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. ⊚⇒218.]

2. PLEADING ⊚⇒218—DEMURRER—HEARING—VENUE.

   Under Code Civ. Proc. § 990, as amended by Laws 1913, c. 446, providing that "an issue of law, or an issue of fact triable by the court without a jury, arising in a county where no Special Terms distinct from Trial Terms are appointed to be held for the trial of such cases, may be tried at a Special Term in any county within the judicial district embracing the county wherein the action is triable," trial of an issue upon demurrer in an action, the venue of which was laid in Y. county, was properly had in S. county upon notice of trial of an issue of law.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. ⊚⇒218.]

Appeal from Special Term, Yates County.

Action by Hannah Armstrong against William Corcoran. From denial of his motion that the interlocutory judgment overruling a demurrer to the complaint be vacated, with leave to answer on payment of costs, and from a final judgment entered under the interlocutory judgment for failure to comply with the terms thereof, defendant appeals. Affirmed.

The action was begun by the personal service on defendant of the summons with a copy of the complaint therein on the 3d day of November, 1914. The place of trial designated was the county of Yates. Defendant timely appeared and interposed a demurrer to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. · The issue of law thus presented by the pleadings was determined in plaintiff's favor by an order of the Supreme Court granted at the Steuben Special Term thereof appointed for the hearing of motions. The recital in the order is as follows: "The demurrer of the defendant in this action to the complaint herein coming on to be heard by this court, no one appearing for the defendant in favor of such demurrer, and William H. Fiero in opposition thereto." It then ordered that the demurrer be overruled, with costs, with the usual leave to defendant to plead over on payment of costs, and directed the entry of an interlocutory judgment in accordance therewith. The order further provided for the entry by plaintiff of final judgment for the relief demanded in the complaint in case of defendant's failure to comply with the terms imposed thereby. The interlocutory judgment, directed by the order, was entered, and after service of a copy thereof upon defendant's attorney a motion to vacate the judgment was made by defendant, which resulted in the order appealed from.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

---

M. A. Leary, of Penn Yan, for appellant.
William H. Fiero, of Penn Yan, for respondent.

PER CURIAM. [1] The issue of law arising on a demurrer "may be brought on and tried at any term of court as a contested motion." Sections 964 and 976 of the Code of Civil Procedure. Though the term at which the issue in this action was tried was not held in the county where the venue of the action was laid, it was a term at which a contested motion, made in the action, could be noticed for hearing. But appellant urges that this issue was brought before the court on a notice of trial of the issue, and not on notice as a contested motion. The record before us does not contain the notice pursuant to which the hearing at Special Term was had. The single reference to the notice in the record, which appears in the affidavit of plaintiff's attorney filed in opposition to defendant's motion to vacate the interlocutory judgment, is as follows:

"Soon after that I noticed the issue for trial at the Special Term designated for June 27th last at Bath in said county of Steuben."

This statement is equally consistent with a service either of notice bringing on the issue for trial as a contested motion, or of a formal notice of trial of the issue. That the actual notice served was one bringing on the issue to be heard as a contested motion may be indicated by the fact that the court, instead of filing simply a decision of the issue, made an order overruling the demurrer, which seems to be the proper practice when such an issue is brought on for hearing as a contested motion. National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846; People v. Bleecker St. & F. F. R. R. Co., 67 Misc. Rep. 582, 124 N. Y. Supp. 786. See, also, Kramer v. Barth, 79 Misc. Rep. 80, 139 N. Y. Supp. 341. In the opinion in the last-cited case the three methods in which a demurrer may be tested are considered and explained. The provision of the order directing the entry of an interlocutory judgment was unnecessary, if the issue was noticed as a contested motion, and may be treated as surplusage. The presumption is in favor of the regularity of the court's procedure in granting the order, and therefore that the issue was noticed as a contested motion.

[2] Even if the hearing was brought on by a formal notice of trial of the issue as one of law, instead of by a notice as a contested motion, we still think it might properly be brought on at the term at which the hearing was had. Section 990 of the Code of Civil Procedure, since its amendment by chapter 446 of the Laws of 1913, reads as follows:

"An issue of law, *or an issue of fact triable by the court without a jury, arising in a county where no Special Terms distinct from Trial Terms are appointed to be held for the trial of such cases,* may be tried *at a Special Term* in any county within the judicial district embracing the county wherein the action is triable; but after the trial, the decision and all other papers relating to the trial must be filed, and the judgment rendered must be entered, in the last named county."

The amendment of the section above referred to added to the section as it was prior to the amendment the italicized words appearing

in the section as above quoted. It is conceded by appellant's counsel that, had the section remained in its original form without amendment, notice of trial of the issue raised by the demurrer could properly have been given for the term at which it was heard. Kissam v. Bremmerman, 27 Misc. Rep. 14, 57 N. Y. Supp. 890. But he insists that, as there was a Special Term distinct from the Trial Terms of the Supreme Court appointed to be held in Yates county, at which such an issue might be tried, the section as amended does not permit such an issue to be noticed for trial at a term held elsewhere than in that county. This does not seem to be the effect of the amendment. Its interpolation in the section of the disjunctive clause "or an issue of fact triable by the court without a jury, arising in a county where no Special Terms distinct from Trial Terms are appointed to be held for trial of such cases," does not appear to be designed to change or limit the theretofore existing right of trial of an issue of law in any county in the same judicial district with that in which the venue of the action was laid. Its effect is rather to add the further right to try issues of fact in another county in the same district, provided there was not appointed to be held in the county where the action was triable a Special Term, distinct from Trial Terms, for the trial of issues of fact; the restrictive expression used in the amendment, "arising in a county where no Special Terms distinct from Trial Terms are appointed to be held for the trial of such cases," relating back and referring only to the antecedent nominative of the added clause of which it forms a part—that is, cases in which an issue of fact triable by the court without a jury is presented. Giving to the amendment this construction avoids the result of changing a long-established rule of practice, a result which it will not be presumed was intended by the enactment.

The order appealed from should be affirmed, with $10 costs and disbursements. This disposition of the order leaves the order overruling the demurrer, the interlocutory judgment entered thereon, as well as the final judgment from which an appeal is also taken, as granted and entered on defendant's default. No appeal from a judgment can be taken by the party on whose default it was made. Section 1294, Code Civ. Proc.

The appeal from the judgment should therefore be dismissed.