DEDRICK et al. v. PORT JERVIS LIGHT & POWER CO. QUACKENBUSH
et al. v. SAME. McDONALD v. SAME.

(Supreme Court, Appellate Division, Second Department. April 14, 1916.)

1. COSTS ☞57—DEMURRER HEARD AS MOTION—DETERMINATION OF TRIAL
JUDGE.

Where there is no calendar, no trial fee paid the clerk, and no other
feature of a formal trial, the question whether a demurrer is heard
formally as a trial, or disposed of as a motion, under Code Civ. Proc. §
976, permitting the trial of an issue of law as a contested motion, is to
be determined by the trial judge.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 229–249, 257–260;
Dec. Dig. ☞57.]

2. MOTIONS ☞40—FORM OF ORDER.

Where a demurrer is disposed of as a motion, under Code Civ. Proc. §
976, permitting the trial of an issue of law as a contested motion, the
court need not sign findings with a decision.

[Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 49–52; Dec. Dig.
☞40.]

Appeal from Orange County Court.

Actions by Charles Aber Dedrick and another, by Harry A. Quack-
enbush and another, and by Samuel G. McDonald against the Port
Jervis Light & Power Company. From an order overruling defend-
ant's demurrers to the complaints, plaintiffs appeal. Affirmed.

On February 14th plaintiffs served a 14-day notice of trial of the issues of
law in the three actions for the term of the County Court to be held on Feb-
ruary 28th. Defendant on same day served a cross-notice for the same time
and place that the issue of law would be brought on "for argument." On
February 28th counsel accordingly appeared before Judge Seeger, who over-
ruled the demurrer, his order reciting: "It appearing that no note of issue
was filed herein, that no calendar was made up for this term, and that no
trial fee was paid to the clerk herein." His opinion also stated: "It must be
considered that these cases were disposed of as motions, and the only costs
that can be awarded are motion costs. Ten dollars costs are granted in each
case." He also declined to make findings with a written decision directing an
interlocutory judgment. Plaintiff appeals from this refusal, as well as from
the denial of $20 costs as for trial of an issue of law, and $15 costs before no-
tice of trial in each action, as conditions to let defendant plead over.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH,
and PUTNAM, JJ.

William A. Parshall, of Port Jervis, for appellants.
S. M. Cuddeback, of Port Jervis, for respondent.

PUTNAM, J. [1] Section 976, Code of Civil Procedure, as amend-
ed in 1909 (Laws 1909, c. 493), allows an issue of law to "be brought
on and tried at any term of court as a contested motion." The pur-
pose of this appears in National Park Bank v. Billings, 144 App. Div.
536, 129 N. Y. Supp. 846; Id., 203 N. Y. 556, 96 N. E. 1122. Either
side now has a right to notice the demurrer as a contested motion.
For example, if a plaintiff saw fit to give a 14-day notice for a Special
Term for Trials, plainly he could not thereby deprive a defendant,
even after such notice, from serving a notice of motion and anticipat-

ing such trial by bringing up the demurrer as a contested motion. Otherwise, one litigant could frustrate the purpose of this amendment. Where the procedure is outside of the First and Second Judicial Districts, especially in counties like Orange, the judge assigned to sit may often at the same term, and on the same day, conduct equity trials, hear contested motions, as well as perform his varied work ex parte. Where there is no calendar, no trial fee paid the clerk, or other feature of a formal trial, the question if the demurrer is heard formally as a trial, or disposed of as a motion, is to be determined by the judge who makes the decision. Armstrong v. Corcoran, 166 App. Div. 583, 152 N. Y. Supp. 65. Judge Seeger having expressly certified in the order, as well as in his opinion, that these demurrers had been heard and decided as motions, we see no reason to question that disposition and his granting only motion costs.

[2] In National Park Bank v. Billings, supra, Justice Miller remarked:

"In fact, the Code nowhere requires the entry of an interlocutory judgment upon the decision of a demurrer." 144 App. Div. 539, 129 N. Y. Supp. 848.

As motions are decided by an order, the County Court rightly declined to go to the useless formality of signing findings with a decision, as plaintiff proposed. Shiffner v. Beck, 159 App. Div. 821, 145 N. Y. Supp. 27.

It follows that the orders of the County Court of Orange County should be affirmed, with $10 costs and disbursements, but with only one bill of costs to defendant for the three appeals. Woodworth v. Brooklyn Elevated R. R. Co., 29 App. Div. 1, 3, 51 N. Y. Supp. 323. All concur.