JOHN WOOD, Appellant, *v.* BRIDGET SHEEHAN, Respondent.

Defendant being indebted to plaintiff, assigned to him a bond and mortgage, and executed and delivered to him her promissory note, receiving a writing, signed by plaintiff, stating that he had received the assignment in full payment of the debt and the note as collateral security; and agreeing not to dispose of the note until due, if he sold the mortgage before that time, to return the note; and in the event of his not disposing of the mortgage by the first day of May next, to deliver to defendant either it or the note. Plaintiff elected to retain the note. In an action thereupon, the court below held that, as plaintiff did not deliver up the bond and mortgage on the first of May, he was bound to hold them and surrender the note; *held* error; that although stated in the contract that the bond and mortgage were taken in full payment, the other parts thereof disclosed that they were only so received at plaintiff's option, to be made on the first day of May thereafter; that he was not bound to give notice of his election to defendant, or to tender the one security in order to hold the other; that he was not called upon to take any action, save at the request of defendant, and was not in default until a failure to elect and to comply with the agreement upon request made; also, that a failure of plaintiff to tender a reassignment of the bond and mortgage on the day named was no evidence of an election to retain them and surrender the note.

Evidence was given that plaintiff did notify defendant, by letter, of his election to retain the note, and that the next day thereafter defendant's agent called upon him and requested him to retain the mortgage for a time and not reassign it then, and made no claim to a surrender of the note. *Held,* that even if plaintiff had failed in a literal performance,

the evidence was sufficient to authorize a finding of a waiver thereof; and that a refusal to submit the question of waiver to the jury was error.

Also, *held*, that a violation by plaintiff. of his agreement not to use the note did not change or vary the rights and obligations of the parties or qualify the other parts of the agreement.

(Submitted January 26, 1877; decided February 6, 1877.)

APPEAL from judgment of the General Term of the City Court of Brooklyn affirming a judgment in favor of defendant, entered upon an order dismissing plaintiff's complaint on trial.

This action was brought upon a promissory note executed by defendant.

It appeared that defendant being indebted to plaintiff for a bill of goods purchased by her, delivered to him the note, and also an assignment of a bond and mortgage. Plaintiff, at the same time, executed and delivered to defendant an instrument, of which the following is a copy:

"I, John Wood, of No. 178–180 Fulton street, Brooklyn, hereby acknowledge that I have received from Mrs. Bridget Sheehan, of Troy avenue, Brooklyn, an assignment of a bond and mortgage made by one Benjamin Griffiths to Peter Sullivan, dated January 2, 1872, recorded in liber 1057 of mortgages, page 270, in full payment of the above bill of goods; and I also acknowledge to have received from Mrs. Sheehan her note payable to my order twelve months after date for the sum of $1,248, as collateral security to said bond and mortgage; and I hereby covenant not to use said note until the expiration of said twelve months; and in event of my selling or disposing of said mortgage within said twelve months, I hereby bind myself to return the said note to Mrs. Sheehan. And I further agree, in the event of my not having disposed of the said mortgage on the first day of May next, to deliver it or the note to Mrs. Sheehan, so that after that day I shall not hold both securities.

"Dated BROOKLYN, *October* 26, 1872.

"JOHN WOOD."

Plaintiff gave evidence to the effect that some time during the month of May, 1873, he mailed a letter to the defendant stating in substance that the mortgage had not been paid, and asking to whom he should assign it; that on the next day defendant's husband, who acted as her agent in the transaction, called upon him; that he stated that he was ready to reassign the mortgage, but that Mr. Sheehan replied that he did not want it assigned, and if plaintiff would hold on to it for a short time it would be paid; that he was sure it would be paid before the note became due. Plaintiff did not offer or tender back the bond and mortgage on the said first day of May, but tendered them to her husband, with an assignment thereof to her, before the commencement of the suit. Plaintiff transferred the note before it became due but subsequently purchased it back.

Plaintiff's counsel asked the court to submit the question to the jury whether defendant did not waive an election on the 1st day of May, 1873, by plaintiff, between the note and the bond and mortgage, which was refused, and the complaint dismissed. To which said counsel duly excepted.

*Jno. H. Knaebel* for the appellant. Defendant having solicited an extension cannot use it as a defence. It could be granted by parol without any new consideration. (*Esmond* v. *Van Benschoten*, 12 Barb., 370; *Dearborn* v. *Cross*, 7 Cow., 48, 50; *Stone* v. *Sprague*, 20 Barb., 515; *Lattimore* v. *Harsen*, 14 J. R., 330; *Delacroix* v. *Buckley*, 13 Wend., 71; *Moses* v. *Bierling*, 31 N. Y., 462; *Dodge* v. *Crandall*, 30 id., 294; *Clark* v. *Dales*, 20 Barb., 42; *Bristol* v. *Tracy*, 21 id., 236.)

*Elias J. Beach* for the respondent. Plaintiff had not performed the condition precedent, which would have given vitality to the note as a separate or independent security. (*Miller* v. *Gambie*, 4 Barb., 146; *Seymour* v. *Cowing*, 1 Keyes, 532; *Miller* v. *Ritz*, 3 E. D. S., 253; *Rogers* v. *Smith*, 47 N. Y., 324; *Barton* v. *Martin*, 52 id., 570; *Petry* v. *Christy*, 19 J. R., 53; Chitty on Bills, 72, 77.)

Allen, J. The agreement between the parties must be read as a whole, and effect given to every part thereof, so far as possible. Inconsistent clauses must be reconciled, if they may be, and effect given to the intent of the parties as gathered from the four corners of the instrument. These are familiar rules of interpretation.

Although the plaintiff in terms acknowledges to have received from the defendant an assignment of the bond and mortgage mentioned, in full payment of the bill of goods sold, the other parts of the instrument disclose the fact that he only received it in payment, at his option, to be made on the first day of May thereafter. By the terms of the agreement he reserved the right to elect, on the first day of May after the making the agreement, between the mortgage and the note of the defendant then given for the same debt. The terms employed by the parties, somewhat technical, describing the note as collateral to the bond and mortgage, have no significance. The substance of the transaction is to be ascertained from the whole agreement, and not from particular words used in a single sentence. The defendant assigned the bond and mortgage, and at the same time delivered her own promissory note to the plaintiff in consideration of a debt owing by her, and the plaintiff had a specified time to elect whether to retain the bond and mortgage in payment of his debt, or to reassign it and retain the obligation of the defendant, his debtor.

The plaintiff did elect to reassign the mortgage and retain the note now sued upon. It is objected, however, that he did not give notice of his election to the defendant. The answer to this is that he was not required by the terms of the agreement, express or implied, to seek out the defendant and give her such notice. The agreement is that in the event of his not having disposed of the mortgage on the first day of May next thereafter, he would deliver it or the note to Mrs. Sheehan, the defendant, so that after that day he should not hold both securities. He was not bound to tender the one security to the defendant in order to hold the other, and was

not called upon to take any action except at the request of Mrs. Sheehan, the promisee. The defendant could have compelled an election on the day named, and the surrender of one of the securities, but the plaintiff was not in default until a failure to elect and to comply with the agreement upon request made. It was not optional with the defendant whether to demand the mortgage or the note, upon failure of the plaintiff to notify her of his election, and tender the security he elected not to keep. In other words, the right of election was not transferred from the plaintiff to the defendant by the mere omission of the plaintiff to act promptly and give notice of his election to the defendant; and yet this is the effect of the judgment in this action. The omission of the plaintiff to seek out the defendant and tender a reassignment of the mortgage precisely on the day named, is no evidence that he elected to retain it and surrender the note. We think the learned City Court of Brooklyn misinterpreted the agreement, and that for this error the judgment should be reversed.

But there was evidence for the jury that the plaintiff did give notice of his election to retain the note, by letter addressed to the defendant through the post-office, and that the day after the transmission of the notice the husband of the defendant, who was also her agent, called upon the plaintiff, and requested him to retain the mortgage for a time, saying that it would be paid, that at least it would be paid before the note would become due, and he requested the plaintiff not to reassign the mortgage then, and made no claim to a surrender of the note. The jury might, upon the evidence, have found a waiver of a strict performance of the condition at the day, if, indeed, the plaintiff had failed in a literal performance of the actual or implied conditions of the instrument, and it was error for the court to refuse to submit the question of waiver to the jury as requested. But we think there was no omission or failure of the plaintiff to do any act which he should have done to entitle him to reassign the mortgage upon request by the defendant, and retain the note in suit.

The transfer of the note by the plaintiff in violation of his agreement, did not change or vary the rights or obligations of the parties. It was a mere promise not to use the note, but it did not qualify or modify the other parts of the agreement.

The judgment must be reversed, and a new trial granted, costs to abide event.

All concur, except MILLER, J., not voting.

Judgment reversed.