### CHURCH v. STANDARD RAILROAD-SIGNAL CO.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

LANDLORD AND TENANT—LEASE—OPTION TO PURCHASE—INSTRUCTION

A lease gave the lessee the option to purchase the premises at any time during the term, fixed March 31, 1899, as the date of delivery of the deed and payment of the price, and provided that, if the option was not exercised, the lessee should, on the expiration of the lease, December 31, 1898, pay a certain sum as additional rent, unless the lessor should be unable to convey good title. *Held* that, though the option was to be exercised before the lease expired, it was the lessor's ability to convey good title when the deed was to be delivered, and not when the lease expired, that determined the lessee's liability to pay the additional rent.

Appeal from special term, New York county.

Action by George H. Church against the Standard Railroad-Signal Company. From a judgment of the special term (63 N. Y. Supp. 326) overruling a demurrer to defendant's answer, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

Thomas G. Shearman, for appellant.
Arthur H. Masten, for respondent.

INGRAHAM, J. The action was brought to recover the sum of $5,000, alleged to be due for rent of the premises leased to the defendant. The lease, which is annexed to and made a part of the complaint, provides that the defendant shall pay certain rent at the times stated, and further provides that if, at any time before the expiration of the lease, "the party of the second part, having first satisfied itself that the party of the first part can convey to it a good and valid title in fee to the said premises, free and clear of all incumbrances, may purchase the said premises for the sum of seventy thousand dollars ($70,000), to be paid" as therein provided; that "on March 31, 1899, at 12 o'clock noon, at the office of the party of the first part, in New York City, the said purchase price shall be paid as

aforesaid, and a deed which shall vest the title to the said premises in fee simple in the party of the second part shall be executed and delivered to it, conveying the said premises to the party of the second part free of all incumbrances except taxes which may become a lien thereon subsequent to January 1, 1899." The lease further provides that, "in case the party of the second part should not exercise the right to purchase the said premises as aforesaid, it shall, upon the expiration of this lease, on December 31, 1898, pay to the party of the first part, as additional rental, the sum of five thousand dollars. * * * If, however, the party of the first part should be unable to convey to the party of the second part a good and sufficient title in fee simple to the said premises, free of all incumbrances, and the party of the second part should not be able to exercise the said option on that account, then the party of the second part shall not be obliged to pay the said additional sum of five thousand dollars." And it is to recover this sum of $5,000 that this action is brought. The complaint alleges the making and execution of this lease; that on or about August 2, 1898, the defendant, without making any objection to the title to the said property, "and without examining it, gave notice in writing to the said Hepburn that it did not intend to exercise the right to purchase the said premises, stating as its only reason that it had decided to remove to Troy, New York; and down to the 23d day of January, 1899, it never did exercise the said right to purchase, and has not yet exercised, and has declared that it intends never to exercise, the same." The answer admits the making of the lease by the defendant; that it has not exercised the right to purchase the premises described in the said written instrument, and has declared that it did not intend to exercise the same, and that on the 31st day of December, 1898, and afterwards, the plaintiff offered to convey the said premises to the defendant, and that the defendant declined to exercise its option to purchase the same; that the defendant denies that the plaintiff offered to convey, or was ready or able to convey, a good and merchantable title in fee simple to the said premises on or at any time prior to the 31st day of December, 1898. And, as a separate defense, it alleges upon information and belief that neither on the 31st day of December, 1898, nor at any time prior thereto, was the plaintiff able to convey to the defendant a good and sufficient title in fee simple, free and clear of all incumbrances; that the plaintiff's title to the said premises was imperfect, defective, and incumbered during all the times in said complaint mentioned, down to and including the 31st day of December, 1898; and that on that account the defendant was unable to, and did not, exercise the option to purchase the said property, and on said 31st day of December, 1898, gave due notice accordingly to the plaintiff. To this separate defense the plaintiff demurred, and we think the demurrer was well taken.

The rent that was reserved by this lease was, as therein stated, reduced by the sum of $5,000 as an inducement to the defendant to exercise the option; and it agreed to pay that sum in case it should not exercise such option, unless the lessor should be unable to convey to the defendant a good and sufficient title in fee simple to the

said premises, free of all incumbrances, and the defendant should not be able to exercise the said option on that account. The conveyance was to be made on the 31st day of March, 1899, and the ability of the lessor to convey is to be determined as of that date. The defendant was to exercise the option before the expiration of the lease, but it was the ability of the lessor to convey at the time that the conveyance was to be delivered, namely, March 31, 1899, that was to determine the obligation of the defendant to' pay the additional sum of $5,000. If the plaintiff had been unable at the time when the conveyance was to be delivered to convey a good title, the obligation of the defendant to pay the $5,000 would have been at an end; but it could only be relieved from that obligation upon the exercise of the option and the inability of the lessor to convey a good title, or upon proof that it had been unable to exercise the option because of the fact that the lessor "should be unable to convey" on the 31st day of March, 1899. An incumbrance upon the property on the 31st day of December, 1898, which the lessor at any time could remove, certainly could not be said to be an obstacle which would prevent a conveyance free' and clear of incumbrances on the 31st day of March, 1899, and would not justify the defendant in refusing or neglecting to exercise the option, so as to relieve it from the obligation to pay the sum of $5,000. The defendant agreed to pay this sum of $5,000 if it should not exercise the option to purchase, unless the lessor should be unable to convey to the party of the second part on the day when he was to convey, viz. March 31, 1899, a good and sufficient title in fee simple to the said premises, free of all incumbrances, and the party of the second part should not be able to exercise the said option on that account. But it was an inability to convey on the 31st day of March, 1899; and, to relieve itself from the obligation, the defendant must allege and prove that the lessor would have been unable to convey at that time, and that for that reason it had been unable to exercise the option of purchase.

We think, therefore, that the judgment appealed from should be reversed, and the demurrer sustained, with costs in this court and in the court below, with leave, however, to the defendant to amend its answer within 20 days upon payment of such costs. All concur.