CHURCH v. STANDARD RAILROAD–SIGNAL CO.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

LANDLORD AND TENANT—LEASE—OPTION TO PURCHASE—EXERCISE—PLEADING.
    A lease gave the lessee an option to purchase the premises any time during the term ending December, 1898, and fixed March, 1899, as the date for delivery of the deed and payment of the price, and provided that if the lessee did not exercise the option he should pay additional rent. The option was not exercised, and in an action for the additional rent the lessee answered, admitting that the option was not exercised, but alleging that the lessor did not offer and was not able to convey good title on March 31, 1899. Held, that it was error to overrule a demurrer to the answer, since the answer, to state a defense, should also have alleged that the option was exercised, or that defendant had been unable to exercise it because of the fact that the lessor would be unable to convey on March, 1899.
    McLaughlin, J., dissenting.

Appeal from special term.

Action by George H. Church against the Standard Railroad-Signal Company. From a judgment overruling a demurrer to an affirmative defense set up in defendant's answer, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

John A. Garver, for appellant.

A. H. Masten, for respondent.

VAN BRUNT, P. J. We do not think that the case at bar has been in any respect changed from the situation which obtained when it was before this court on the previous appeal; the opinion then given being reported in 52 App. Div., at page 410, and 65 N. Y. Supp., at page 116. It seems to us that the court below has misapprehended the decision which was then rendered. It was said in that case:

"The defendant was to exercise the option before the expiration of the lease, but it was the ability of the lessor to convey at the ,time that the conveyance was to be delivered—namely, March 31, 1899—that was to determine the obligation of the defendant to pay the additional sum of $5,000. If the plaintiff had been unable at the time when the conveyance was to be delivered to convey a good title, the obligation of the defendant to pay the $5,000 would have been at an end; but it could only be relieved from that obligation upon the exercise of the option and the inability of the lessor to convey a good title, or upon proof that it had been unable to exercise the option because of the fact that the lessor 'should be unable to convey' on the 31st day of March, 1899."

There is no claim that there was any exercise of the option as required by the terms of the contract. The defendant seeks to relieve itself because of an inability to convey on the 31st of March, 1899. The allegations of the separate defenses in the answer which has

been demurred to did not establish that the plaintiff's assignor was unable to convey on the 31st of March, 1899. All the incumbrances mentioned in that answer were such as might have been removed had the defendant exercised its option and made its tender at the proper time. After the plaintiff's assignor had been notified that the defendant was not to exercise the option, certainly there was no obligation upon his part to remove the incumbrances which were susceptible of removal, and which remained upon the property. The only way in which the defendant could put the plaintiff's assignor in default was, as already stated, by the exercise of the option and a tender at the time fixed, or by showing that there were incumbrances upon the property which affected the title, and which it was impossible to remove. The mortgages were capable of satisfaction, and the covenants in regard to use were capable of release; and non constat but that if the defendant had exercised its option, and given the plaintiff's assignor proper notice, they would have been removed, and the plaintiff's assignor would have been in condition to give the title which he had agreed to give. We think, therefore, that the case is in precisely the same condition as it was upon the previous appeal, and that the demurrer should have been sustained.

The judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendant to answer over on payment of costs in this court and in the court below.

O'BRIEN and INGRAHAM, JJ., concur.

McLAUGHLIN, J. I am unable to concur in the prevailing opinion. On the former appeal (52 App. Div. 407, 65 N. Y. Supp. 116) we held that:

"If the plaintiff had been unable at the time when the conveyance was to be delivered to convey a good title, the obligation of the defendant to pay the $5,000 would have been at an end."

The amended answer, demurred to, alleges that on the 31st of March, 1899, the time when the conveyance was to be delivered according to the terms of the lease, the lessor could not convey to the defendant a good and valid title to the premises, free from all incumbrances. This allegation is admitted by plaintiff's demurrer. Therefore, not only under our former decision, but upon reason and authority alike, plaintiff is not entitled to the additional $5,000 sued for. The contract under which the defendant obligated itself to pay the $5,000 provided, among other things, that at any time before the expiration of the lease,—December 31, 1898,—the defendant, "having first satisfied itself that the party of the first part can convey to it a good and valid title in fee to the said premises, free and clear from all incumbrances," may purchase, etc. The demurrer admits that on the 31st of December, 1898, Hepburn, the plaintiff's assignor, could not convey a good title in fee to the premises, free and clear from all incumbrances; on the contrary, that the same was then incumbered by two mortgages aggregating about $114,000, and in addition thereto that there were other defects in the title, by way of restrictive covenants in plaintiff's title deeds as to the use to which the prem-

ises could be put. To entitle the plaintiff to recover, he must allege in the complaint and prove upon the trial that at the time defendant had the right to exercise the option to purchase, had such right been exercised, he then had it in his power (not that he might have obtained it) to give to the defendant a good and valid title in fee to the premises, free and clear from all incumbrances.

I am of the opinion that the judgment appealed from should be affirmed, with costs.