ELY BUELL and Others, Plaintiffs, *v.* S. S. KRESGE COMPANY,
Defendant.

Supreme Court, Monroe County, November 18, 1941.

*John Van Voorhis' Sons [Franklin R. Brown, Robert F.
MacCameron and Noel S. Symons* of counsel], for the plaintiffs.

*McCormick & Eckel [Andrew Eckel* and *William F. Giesen* of
counsel], for the defendant.

WHEELER, J. The defendant is moving to dismiss the first
cause of action in plaintiffs' complaint upon the ground that it
does not state facts sufficient to constitute a cause of action. In
this first cause of action plaintiffs seek to recover the sum of
$379,999.68 alleged to be due for increased cash rents of the premises
known as 132–142 Main Street East, in the city of Rochester,
leased by plaintiffs to defendant.

The lease in question was dated April 20, 1925. It leased the
premises to defendant for an initial term of substantially ten years,
commencing on April 1, 1931, and ending March 29, 1941. The
aggregate cash rent for this term was $939,488.11, to be paid in
varying monthly amounts described as " total monthly cash rent."
In addition the defendant agreed to pay taxes and other charges
upon the property.

An option was given the defendant as tenant to extend the lease for two additional terms of substantially ten years each at a rent to be agreed upon, with a provision for the appointment of appraisers in case of the failure of the parties to agree. In no event should the rent for the additional term be less than $95,000 a year. The lease then provided that if defendant did not exercise its option to renew such lease for the first, new and separate term, it should pay to the lessors " as increased cash rents for the term of this lease * * * an aggregate sum which is the equivalent of four times the amount of the rent specified therein for the period April 1, 1939, to and including March 31, 1940 * * *." Similar language is employed in respect to the failure of the tenant to exercise its option at the end of twenty years, except that the sum to be paid is equivalent to three years' rent.

The defendant without making any attempt to exercise its option, vacated the premises at the expiration of the initial term, March 29, 1941. In the first cause of action plaintiffs seek to recover the additional rent above specified which became due on March 29, 1941.

The primary question thus presented is whether defendant was under any legal obligation to pay that sum. This, of course, involves a judicial construction of the lease. In so doing the instrument must be read, and effect given to every part thereof so far as practicable. If there are inconsistent clauses, they must be reconciled if possible, and effect given to the intent of the parties as gathered from the four corners of the instrument. (*Wood v. Sheehan*, 68 N. Y. 365, 368.)

Defendant contends that there is a manifest inconsistency between the clause granting it an absolute option to renew, which it was free to exercise or not, and the provision for additional payments for not so doing. Defendant, therefore, argues that the latter clause was inserted in the lease deliberately and as a penalty for the sole purpose of forcing defendant to exercise its option.

However, and notwithstanding this contention, defendant further asserts that the two alleged contradictory clauses may be properly reconciled by declaring that it was the intention of the parties that no obligation to pay the additional amount would exist, unless the tenant refused or neglected actually to renew the lease or to perform its obligation to fix the new rent, after it had previously exercised its option to renew.

Such was the interpretation adopted in construing the lease involved in *Grill* v. *City of New York* (282 N. Y. 471). In that case the question was whether the tenant was to forfeit without compensation buildings constructed by him upon the leased property,

in the event that the tenant neglected to exercise an option to renew the lease. It clearly and definitely appeared that the landlord was to pay the tenant for these buildings unless there was a breach of some covenant on the part of the tenant. It was pointed out that a failure by the tenant to exercise an option would not constitute a breach of any contractual obligation. In that case the lease provided for reverter if the tenant " shall refuse or neglect to renew this lease at the rent which shall be fixed and determined for such renewal." Such language clearly indicated a refusal to renew after the tenant had indicated his election to renew, and all preliminary steps in fixing the rent for the new term had been taken. In other words, it was not the intention to provide for a reverter of the buildings to the landlord by a mere failure on the part of the tenant to indicate his election to renew. As was stated by Judge RIPPEY, writing for the court: " By no other construction can the intent, purpose and undertakings of the parties and every clause and provision of the lease be given effect."

The language above quoted from the *Grill* lease is in sharp contrast with that used in the lease in the case at bar. Here it is agreed " that if Lessee does not exercise its option to renew this lease for such first and separate term, Lessee shall pay to Lessors on March 29, 1941, as increased cash rents for the term of this lease," etc. To exercise its option the lessee need only to deliver to lessors " its written request." It seems to me that the distinction between the two leases is clear and obvious. The interpretation suggested by defendant would result in a tortuous strain upon the plain language of the lease.

The case of *White* v. *City of San Diego* (126 Cal. App. 501; 14 P. [2d] 1062), cited by defendant, is readily distinguishable. There the amount to be paid for failure to exercise an option was specifically referred to in the contract as " liquidated damages," and the case was tried upon that theory, the court holding that the claim " liquidated damages " was in fact a penalty, and as such not recoverable.

In the instant case the question of liquidated damages or penalty is not involved. Both of these terms presuppose a breach or non-performance of a contract. Provisions for payments to be made under and in performance of the contract, and not for the breach thereof, are not for either penalties or liquidated damages (25 C. J. S. 689.)

The plaintiffs do not claim that the additional rent is due by virtue of the breach of any contractual obligation by defendant. The defendant was given complete freedom of choice as to the option; it was a privilege which the tenant could take advantage of

or not. Since there was no obligation to renew the lease, there can be no breach of contract to renew.

The plain intent and purpose of these parties as deduced from the language used was to provide for a leasing of the property with the amount of the rent to be determined by the length of the term. The lessee was given the power through the exercise of its option to determine whether the term should be ten, twenty or thirty years. The amount of rent is based upon the length of the term. If defendant chooses to fix the term at ten years, it must know that it was to pay an additional sum, not as a penalty but " as increased cash rents for the term of this lease." The plain unambiguous language used precludes any other interpretation.

The parties to a lease may agree upon an increase or reduction of rent depending upon the length of the occupancy, and this may be accomplished by the use of an option. The mere fact that the failure to exercise the option may later impose a burden on the optionee does not affect the validity of such option, or impair the nature of the obligation which the exercise or non-exercise thereof may entail. (*Zorkowski* v. *Astor*, 156 N. Y. 393; *Trustees of Columbia University* v. *Kalvin*, 250 id. 469.)

The plaintiffs are not without legal precedent, as far as the fundamental principle of law is concerned. The case of *Church* v. *Standard Railroad Signal Co.* (52 App. Div. 407; 60 id. 613) is analogous to the case at bar. There the tenant was given an option to purchase the leased premises, but was obliged to pay $5,000 as " additional rental," if it failed to exercise the option. It was held that plaintiff could recover the extra rent on proof of the tenant's failure to exercise its option.

In our case the liability for the additional rent for the initial term came into existence when defendant failed to exercise its option. Such failure fixed the length of the term. The contention of defendant that before this liability may be imposed it must first exercise its option by giving notice and thereafter refuse to renew, cannot be accepted as the intention of the parties.

For the reasons herein stated it must be held that facts sufficient to constitute a cause of action are stated. Defendant's motion to dismiss is denied.

Order may enter accordingly.