Van Voorhis, J.
Defendant appeals from an order denying its motion for summary judgment dismissing the complaint, which alleges a breach on June 29, 1949, of a contract of employment of plaintiff as salesman for the duration of that calendar year. Plaintiff’s answering affidavit states that this agreement was made orally on January 3, 1949. He avers that various policies and rules of defendant were discussed, and that he was told that at a later date he would probably receive a statement of policy of the firm’s cravat department in which he worked. Early in February he admits receiving a document from defendant, which he signed and returned February 12th. Plaintiff did so, he states, ‘ ‘ Confident in the knowledge that my employment was protected by my oral agreement ”, which he says he believed was not superseded by the written document in view of the sentence therein that “Nothing in the foregoing is to be construed as a contract of employment.”
When this document is examined, it is found to be inconsistent with the survival of any previous oral contract. It is a complete and detailed agreement expressing the employment relationship between the parties. The sentence relied on by plaintiff is contained in paragraph K, which reads: *6 Changes in the above agreement must be in writing and duly acknowledged. Nothing in the foregoing is to be construed as a contract of employment. This agreement, stipulating conditions and. requirements of employment, may be terminated at any time by either party.” (Italics supplied.) Stating that it is not to be construed as a *658 contract' of employment means that plaintiff is employed for no definite term. The agreement defines comprehensively the employment relationship between them.
Plaintiff was to be compensated on a commission basis with drawing account. Paragraph G contains in part the following: “ A statement will be rendered about the tenth of the following month in which shipments have been made, showing the status of your commission account, and, in the event a credit balance in your favor is shown, check will be issued for 90% of such balance, with the remaining 10% transferred to a cumulative earnings account, to be disbursed at the end of the calendar year, or at termination of employment if same occurs prior thereto, providing the account shows an excess of earnings over advances. Such accumulations are non-interest bearing. In the event of termination of employment, commission on sales made during the period of employment will be credited up to June 15th inclusive on Spring and Summer bookings, and up to December 15th inclusive on Fall and Holiday bookings.” (Italics supplied.)
These clauses indicate that plaintiff was to be employed at will, subject to termination at any time by either party, and they specify how commissions on prior sales are to be paid to plaintiff if his employment does terminate before the close of the year. He had been working for defendant in 1948, and this agreement establishes a working arrangement geared to the probability that his employment will continue during 1949 also, but the parties expressly agreed that his tenure might be ended by either at any time during that year. Neither employer rio.r employee is bound for" any definite term. That is what is lie ant by the statement 'that.no thing contained in the language ..used is to be construed as a contract óf employment.
Plaintiff contends further that if this written document be deemed to express the entire contractual relationship between the parties, nevertheless it is ambiguous in view of the footnote appended to paragraph H. Paragraph H, in the printed form, provides: “We ágree to advance you during the term of your employment,-^-, less any tax deductions as required by law. Such gross advances are to be charged against your commissions earned.”
' The words “ No advance ” are typed in the blank space in this printed paragraph, which is followed by an asterisk indicating a footnote that is typed at the bottom of the page, stating: “We'agree to advance you the sum of one-hundred dollars ($100) weekly for 52 weeks for travelling. Such sum is to be *659 charged against yonr commission account. (26 weeks Spring travel — 26"weeks Fall travel.)”
This footnote was evidently intended to particularize the facts concerning plaintiff’s drawing account in case his employment continued during the calendar year 1949, which the document indicates was the probable period during which it was contemplated that the working arrangement between the parties would be operative, but it was not intended by a footnote to contradict the main portion of the agreement by transforming plaintiff’s employment from one at will to a term of one year. The object was simply to clarify what would be the drawing account if plaintiff’s employment continued through 1949.
In the construction of contracts, as in statutes, all provisions contained therein are to be reconciled and given effect, if that can reasonably be done. Conflicts between different portions of the same instrument are not to be presumed if the various clauses can stand together (Wood v. Sheehan, 68 N. Y. 365; Schoellkopf v. Coatsworth, 55 App. Div. 331, 335, affd. 166 N. Y. 77; Matter of Brooklyn Trust Co. [Prudence Trust Co.], 163 Misc. 117, 123; Buell v. Kresge Co., 177 Misc. 686; 2 Clark on New York Law of Contracts, § 813). Here the reconciliation is clear. The absence of any term of employment is announced with meticulous care, nor was this purpose frustrated by the effort which was made to clarify what plaintiff was to receive in drawing account in all seasons of the year. The footnote to paragraph H is presumed to have been intended to be subject, like paragraph H itself, to the other portions of the agreement. It is clear, for illustration, that if instead of elaborating the details of plaintiff’s drawing account in a footnote, the blank space in the body of paragraph H had been filled with a stated sum of money, it would not have altered the effect of the clause that the employment might be terminated at any time by either party, notwithstanding that paragraph H speaks of “ the term of your employment ”.
The order appealed from should be reversed and defendant’s motion for summary judgment dismissing the complaint should be granted, with $20 costs of the appeal and printing disbursements.
Peck, P. J., Glennon, Dobe and Cohn, JJ., concur.
Order unanimously reversed, with $20 costs and 'disbursements to the appellant, and the motion granted, and judgment is directed to be entered dismissing the complaint herein, with eosts,