PEOPLE *v.* NEW YORK CITY CENTRAL UNDER-GROUND RY. CO. *et al.*

*(Supreme Court, General Term, First Department.  June 26, 1891.)*

1. PLEADING—STRIKING OUT REDUNDANT ALLEGATIONS.
   One of two defendants is not entitled to have redundant and irrelevant allegations stricken out of the complaint, which relate only to his co-defendant.

2. SAME—MOTION TO MAKE MORE DEFINITE—WHERE DENIED.
   In an action against two under-ground railway companies to vacate a charter granted to one of the defendants, whose property, rights, and franchises thereunder were transferred by sale to the other, a motion made by the defendant vendee to require plaintiff to set out more definitely in the complaint the lines of the tun-

nel to be constructed by defendants was properly refused, where maps and profiles filed by defendant vendee's co-defendant sufficiently showed the lines of the tunnel.

**3. SAME—CONCLUSIONS OF LAW.**

 A motion that plaintiff, in an action to vacate a charter, be required to set forth more definitely in his complaint the details of alleged want of authority and usurpation of right on the part of defendant, was properly refused, as asking, not for facts, but for conclusions of law drawn from defendant's articles of incorporation.

Appeal from special term, New York county.

Action by the people of the state of New York against the New York City Central Under-Ground Railway Company and the New York Under-Ground Railway Company. From an order denying a motion to strike out certain parts of the complaint, and that certain parts thereof be made more definite and certain, defendant New York Under-Ground Railway Company appeals. See, also, 15 N. Y. Supp. 225.

Argued before VAN BRUNT, P. J., and BARRETT and PATTERSON, JJ.

*Edward Winslow Paige, Henry D. Sedgwick*, and *George Hoadly*, for appellant. *Charles F. Tabor*, Atty. Gen., (*D. J. Dean* and *Theodore Connoly*, of counsel,) for respondents.

VAN BRUNT, P. J. This action was brought substantially to dissolve the New York Under-Ground Railway Company. The substance of the amended complaint is as follows: That the New York City Central Under-Ground Railway Company was incorporated by chapter 230 of the Laws of 1868, and chapter 824 of the Laws of 1869; that by these statutes said defendant was authorized to construct and operate a tunnel and railway over a route specified in the complaint in the city of New York; that by the third section of the act of 1868, c. 230, incorporating defendant, it was provided that defendant should possess all the powers and privileges, and subjected to all the provisions, of the general railroad act of 1850, and the several acts amendatory thereof and additional thereto, except so far as the provisions of the said act are modified by or inconsistent with the provisions of the present act. It was provided, by section 47 of the general railroad act of 1850, that if any corporation formed under that act should not, within two years after the articles of association were filed, etc., begin the construction of its road, and expend thereon 10 per cent. of the amount of its capital, or should not finish the road and put it in operation in five years from the time of the filing of its articles of association, its corporate existence and powers should cease and determine. By chapter 775 of the Laws of 1867, its provisions were amended by providing that, if any corporation formed under the general railroad act shall not, within five years after its articles of association are recorded in the office of the secretary of state, begin the construction of its road, and expend 10 per cent. thereon of the amount of its capital, or shall not finish its road and put it in operation in 10 years from the time of filing its articles of association, its corporate existence shall cease. This defendant was subject to these provisions, except so far as the same were modified or inconsistent with its charter, and the only modification was that in section 11 of the act of 1868, incorporating defendant, and as amended by the act of 1869, already mentioned, which provides as follows: That the corporation should commence its tunnel and railway within two years from the passage of the act, and should have three years thereafter to complete the same to Forty-Second street, and five years thereafter to complete the same to and along the Harlem river, necessary and unavoidable delay from the pendency of legal proceedings against said corporation excepted, and no omission to construct any portion should work a forfeiture of its franchises in respect to any section of said tunnel and railway which might have been commenced or completed; that the board of directors of the defendant located the main line of the tunnel railway in the city of New

York, but that said tunnel and railway, as located by them, do not conform, as to location, to the tunnel and railway authorized to be constructed by the acts incorporating defendant; that defendant never controlled sufficient pecuniary means to successfully construct the railway and tunnel authorized by its charter, or to commence to carry out and complete that construction; that the said company did not commence the construction of its tunnel or railway as required by its charter, and did not begin the construction of the proposed tunnel and railway, or spend 10 per cent. of its capital thereon, or finish the road, or put it in operation in the time limited by chapter 775 of the Laws of 1867, or by section 47 of the general railroad act of 1850, as amended by chapter 775 of the Laws of 1867; that the defendant, on or about the 15th day of May, 1872, executed what purported to be a first mortgage of its property and franchises in favor of certain trustees to secure payment of $35,000,000 to be raised upon its bonds, to provide for the construction of its railway and other legitimate expenses, and that on July 1, 1873, defendant executed another mortgage to certain trustees to secure the payment of $20,000,000 to be raised upon its bonds to provide for the construction of its railway and branches and connections. No bonds were issued upon either of these mortgages. In connection with the obtaining and securing of the charter of incorporation of this defendant, one Vandenburgh received from said company a large amount of the stock thereof, for which he paid nothing. In connection with the obtaining of the amended charter of the company, the board of directors acknowledged that Vandenburgh became entitled to receive from the company $80,000 on its first mortgage bonds. In lieu of these bonds, the directors delivered to Vandenburgh 150 of its certificates of its indebtedness. Thereafter Vandenburgh commenced an action against the company, asking for judgment for the principal of the sum of 153 of such certificates, and, no appearance being entered for defendant, thereafter recovered judgment, amounting in all to $76,443.37. At or about the obtaining of this judgment this defendant suspended its lawful business, and no effort was made by it to have the work of constructing said tunnel or railway commenced or proceeded with. All or nearly all the officers resigned or refused to act, and thereafter Vandenburgh commenced an action against the trustees of the first and second mortgages of said company, and the mayor, etc., of the city of New York, in which he claimed an indebtedness contained in said judgment being unpaid; that the company was further indebted to him for $16,800, interest on said indebtedness; that he was entitled to receive mortgage bonds of the company to the amount of said indebtedness; prayed for judgment for the amount of interest claimed by him, and that it be adjudged that the mortgage of $20,000,000 be foreclosed; that the mortgage, franchises, and property of the company be sold; and that the proceeds of the sale be applied to satisfy the aforesaid indebtedness to him. The amended complaint alleges that the action last mentioned was fraudulent and collusive; that no bonds under said mortgage were ever issued; that by the terms of the mortgage the bonds thereby authorized to be issued expressly provided that in case of non-payment of interest which should be demanded at the office of the company in New York, and which should remain unpaid for the period of six months after demand, the principal and bonds should become thereupon due and payable in the manner and with the effect provided in the mortgage or deed of trust. The mortgage or deed of trust provided that until default should be made in the payment of principal and interest of the said bonds, or some of them, or until default should be made in respect to something by the said mortgage required to be done by the company, the company should be suffered or permitted to possess, manage, operate, etc., the described franchises, property, railway, etc., and receive the proceeds thereof, as if the deed had not been made. That the mortgage or deed of trust further provided that, upon a default in payment of any of the coupons or quarterly installments of interest, and such

defaults shall continue for a period of six months after said coupons have become payable and payment thereof has been demanded, the principal of all the bonds matured thereby should, at the election of the trustees, become immediately due and payable. But the holders of a majority of the bonds issued might instruct the trustees to declare the principal to be due, and the trustees were thereupon to enforce the rights of the bondholders, or the said bondholders might direct the trustees not to take such action. That there never was any default upon any of the covenants, conditions, or provisions of the mortgage or deed of trust, and the trustees were never directed by any bondholder or person claiming the right, with respect to said bonds or any of them, to take any such action as above described, or to foreclose and sell the property. That said Vandenburgh never acquired, possessed, or even pretended or alleged, that, under the covenants, terms, and conditions of the said mortgage, he had acquired or ever possessed any right, in law or equity, to have the said mortgage of this defendant foreclosed, and the property sold, and. the proceeds thereof applied to the payment of his debt.

In the action of foreclosure last referred to, it is claimed by the defendant the New York Under-Ground Railway Company that the franchises or property rights of defendant were sold to said Vandenburgh and his attorney, who thereafter associated with them a number of persons who made and filed articles of association incorporating the New York Under-Ground Railway Company, and in which were set forth the franchises and property rights so purchased as aforesaid, and which articles of association were duly filed and recorded in the office of the secretary of state. That, before the action last referred to was commenced, the corporate existence and rights of the defendant the New York City Central Under-Ground Railway Company had ceased, by the failure of the said company to commence and proceed with the construction of its tunnel and railway. That the franchises and property rights claimed to be sold in the foreclosure action, and set forth in the articles of association of the New York Under-Ground Railway Company, are not the same franchises and property rights included and described in the charter and amended charter of the New York City Central Under-Ground Railway Company. Plaintiffs allege, further, that the incorporation of the New York Under-Ground Railway Company was not authorized by law, and the corporate rights, powers, franchises, etc., which it claims to enjoy, have been usurped by it. Further, that said last-named defendant has never assumed a performance of what it claims to be its legal business. That it has constructed no part or portion of the tunnel or railway, or commenced any legal proceedings for the condemnation of the right of way thereof. That said last-mentioned company never controlled sufficient pecuniary means to construct its works, nor to compensate the public. or private interests which would inevitably suffer in the construction and operation of said tunnel and railway. That the last-named defendant has commenced proceedings which are now pending for a writ of *mandamus* to compel the commissioner of public works to allow it to remove the pavement in the city, so that it may proceed with the construction of a tunnel and railway authorized by the amended charter of the New York City Central Under-Ground Railway Company. And the complaint sets forth, further, that the defendant the New York City Central Under-Ground Railway Company, by reason of the franchises made to it by the statutes hereinbefore recited, has, or claims to have, some interest in the controversy in this action adverse to plaintiff, and is a necessary party defendant to the complete determination of the question involved herein. The plaintiff then asks for the relief already set forth. This motion seeks to make the amended complaint more definite and certain in specified particulars, and also to strike out as irrelevant and redundant certain allegations thereof. In respect to those allegations which it is sought to strike out as irrelevant and redundant, it does not appear that the appellant is particularly interested

therein, as those allegations are addressed against its co-defendant, the New York City Central Under-Ground Railway Company. In respect to the allegations of difference in the lines of tunnel mentioned in the complaint which it sought to have made more definite and certain, it appears that the differences complained of are contained in maps and profiles filed by the defendant the New York City Central Under-Ground Railway Company, the predecessor of the plaintiff, and that by a comparison between those maps and those set forth in the statutes, the difference may be determined. In so far as it is claimed that the paragraph relating to the foreclosure action is collusive and fraudulent, the grounds upon which it is claimed to be collusive and fraudulent sufficiently appear in the complaint. The claim to have set forth the details of alleged want of authority of law and of usurpation of rights which were not possessed by the defendants seems to be asking, not for facts, but for conclusions of law derived from the articles of incorporation of the defendants, and the procedures by which it was claimed that the appellant had obtained those rights. After a careful examination of this complaint and of the claims made upon this motion, there seems to be no reason for interfering with the order made in the court below. The order should be affirmed, with costs. All concur.