DAVID POLACK, Respondent, *v.* HERMAN RUNKEL, Individually, Appellant, Impleaded with Others.

*Demurrer by an individual sued as such, and also as a member of a firm — his liabilities in the two capacities distinguished.*

Where one of two causes of action set out in a complaint in an action brought against three defendants as members of a firm, and also against one of them individually, does not relate to the latter in his individual capacity, his demurrer to such cause of action should be sustained.

There is a substantial difference between a judgment entered against a person sued individually and a judgment rendered against the same person sued as a member of a copartnership.

APPEAL by the defendant, Herman Runkel, individually, from so much of an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of August, 1900, upon the decision of the court rendered after a trial at the New York Special Term, as adjudges and decrees that the demurrer interposed by the said defendant to the first cause of action set forth in the amended complaint be overruled, and adjudges and decrees that the plaintiff have judgment for the relief demanded in the amended complaint against the said defendant individually.

*Wm. Victor Goldberg,* for the appellant.

*Adam Rosenberg,* for the respondent.

INGRAHAM, J.:

The defendants in this action are Louis and Herman Runkel and Adhemar Fieux, composing the firm of Runkel Brothers, and Herman Runkel individually, and the complaint alleges two causes of action : *First*, to recover the damages caused by a breach of a contract made between the plaintiff and the defendants Herman and Louis Runkel and Fieux, as copartners ; and, *second*, to recover the value of certain personal property retained by the defendants. The defendants as copartners interposed a demurrer to the complaint on the ground that the causes of action were improperly united, and the defendant Herman Runkel individually interposed a demurrer to the first cause of action upon the ground that the allegation constituting the first cause of action did not state facts sufficient to constitute a cause of action. These two demurrers coming on for trial at Special Term, the court held that the complaint did not state, nor attempt to state, any cause of action against Herman Runkel individually, and overruled both demurrers, with leave to the defendants to answer.

So far as the first cause of action is concerned, we agree with the court below that no cause of action is stated therein against Herman Runkel individually ; but it would seem to follow from this that the demurrer of Herman Runkel individually to the first cause of action should have been sustained. The members of this copartnership are sued jointly, as composing the firm of Runkel Brothers, and Herman Runkel is also separately sued as an individual, a recovery being sought against him in his individual capacity, and as distinct from his liability as a member of the copartnership of Runkel Brothers. He is thus sued in separate capacities, one as a member of a firm and one as an individual, and he was entitled to demur to either cause of action alleged in the complaint if there was alleged therein no cause of action against him individually. It is quite clear that, sued individually, he would not be liable for a firm obligation, and if it was sought to hold him liable as an individual for a firm obligation, he, as an individual, could demur to the complaint, as the members of the firm sued jointly could demur if it was sought to hold them liable for the individual obligation of one of its members. There is a substantial difference between a judgment entered against a person sued individually and a judgment entered against

a person sued as a member of a copartnership, and the method provided for the enforcement of such a judgment is different; and this defendant, when sued individually, had a right to raise the question either by demurrer or answer as to his individual liability for the obligation alleged. Upon the facts alleged in the first cause of action being proved, the plaintiff would be entitled to a judgment against the members of the copartnership making the agreement, but would have no right to a judgment against the defendant sued as an individual as distinct from his obligation as a member of the firm; and we think that the defendant, thus sued individually, had a right to raise the question as to his individual liability upon the allegations alleged in the first cause of action by demurrer.

The complaint demands judgment against the defendants for $1,250, and costs. That demand would include a judgment against the defendants constituting the copartnership, and also an individual judgment against the defendant who appeals. The interlocutory judgment from which this appeal is taken adjudged that the plaintiff have judgment for the relief demanded in the amended complaint, unless the defendants answer; and the defendant sued individually appeals from so much of such judgment as overrules the demurrer interposed to the first cause of action by the individual defendant, and adjudges that the plaintiff have judgment for the relief demanded in the complaint against the said defendant individually, in case the defendant does not answer. We think this appeal was proper and presented the question as to the liability of the appellant individually.

It follows that the judgment appealed from must be reversed and the demurrer sustained, with costs in this court and in the court below, with leave to amend upon payment of such costs.

Van Brunt, P. J., O'Brien, McLaughlin and Hatch, JJ., concurred.

Judgment reversed and demurrer sustained, with costs in this court and in the court below, with leave to amend upon payment of such costs.