state in the opinion above cited. Petitioner is not entitled to a writ of peremptory mandamus, but an alternative writ may issue.

Ordered accordingly.

(67 Misc. Rep. 575.)

### SINGER MFG. CO. v. GRANITE SPRING WATER CO.

(Supreme Court, Special Term, New York County. May, 1910.)

Costs (§ 157*)—Trial Fees—Demurrer and Motion.

Where after demurrer to a complaint was disposed of on motion for judgment on the pleadings under Code Civ. Proc. § 547, with leave to defendant to answer on payment of costs, a trial fee and costs after notice of trial are not taxable.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 613–617; Dec. Dig. § 157.*]

Action by the Singer Manufacturing Company against the Granite Spring Water Company. Motion for judgment on the pleadings granted, with leave to answer on payment of costs. Motion for retaxation of costs granted.

See, also, 66 Misc. Rep. 595, 123 N. Y. Supp. 1088.

Young, Ver Planck & Prince, for plaintiff.
Putney, Twombly & Putney, for defendant.

GREENBAUM, J. Defendant having demurred to the complaint, plaintiff moved for judgment upon the pleadings, pursuant to section 547 of the Code of Civil Procedure. The motion was granted, with $10 costs, with leave to defendant to answer upon the payment of costs. On the taxation of costs the clerk taxed costs after notice of trial $15; a trial fee of an issue of law $20, and also $10 costs of motion. Defendant moves for a retaxation. There is no doubt that the argument of a demurrer at Special Term for trials is no different from that at Special Term for the hearing of motions on pleadings under the new sections of the Code. Under the practice that necessarily prevailed in the First and Second judicial departments before the enactment of section 547, the only method of disposing of the issue of law presented by a demurrer was to compel a party to notice it for trial at a Special Term held for trials, and the hearing upon the demurrer was regarded as a trial, and under this procedure the costs prescribed by section 3251 of the Code for all proceedings after notice of trial and before trial and for trial were taxable. De Turckheim v. Thomas, 113 App. Div. 123, 99 N. Y. Supp. 104. The imposition of costs is a purely artificial or arbitrary provision of law, and section 3251, fixing costs, should therefore be strictly construed with reference to the procedure in actions and proceedings therein described. Section 547 of the Code practically does away with the cumbersome and dilatory procedure of noticing a demurrer for trial, and provides a speedy method of disposing of the legal issues presented by pleadings through the simple medium of a "motion." Section 3251 of the Code provides that costs upon "a motion" other than a motion "for a new trial upon a case or an application for judgment upon a special verdict" may be awarded not exceeding $10.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

In the case before me it appears that the court granted the motion for judgment, and, in the exercise of its discretion, $10 costs of the motion. Such is not the proceeding where the demurrer is noticed for trial, and it is clear that the successful party would not be entitled to $10 costs of motion and also a trial fee and costs after notice of trial. If the hearing of a demurrer upon motion is to be technically regarded as a trial of the action, then it would have been incumbent upon the plaintiff to pay to the clerk of the court the trial fee as required by section 3301, a practice which does not now prevail where judgment is given upon the pleadings upon motion. It is clear that plaintiff did not regard the motion for judgment as analogous to a trial within the technical meaning of the Code, so far as costs are concerned, since he paid no trial fee to the clerk. It seems to me that the Code provisions as to costs contemplate a compensation for the special services or procedure therein described. In other words, a necessary prerequisite for taxing $15 costs for all proceedings after notice of trial and before trial is to serve "a notice of trial" and for taxing $20 trial fee it is necessary to establish that a hearing on "trial" was had after service of the notice of trial. When the hearing was disposed of by "motion," as the Code designates the procedure in section 547, the provisions of the Code affecting costs applicable to "motions" would seem to be appropriate. The costs will be retaxed by disallowing the item of $15 costs after notice of trial and $20 for the trial. Settle order on notice.

Ordered accordingly.