when proceedings in the nature of quo warranto were appropriate to a case like this, and that it affords ample authority for the maintenance of an action of ouster against one who is guilty of nonuser or misuser of a franchise. There is nothing in the statute requiring the Attorney General to obtain leave of court before bringing such an action, and in that respect differs from an action brought to dissolve a corporation in which it is expressly provided that leave of court to bring it is necessary.

I am of the opinion that the action is well founded, and that the demurrer to the complaint should be overruled.

Judgment for plaintiff upon pleadings.

---

(67 Misc. Rep. 582.)

PEOPLE v. BLEECKER ST. & F. F. R. CO.

(Supreme Court, Special Term, New York County. May, 1910.)

1. PLEADING (§ 218*)—OVERRULING DEMURRER TO COMPLAINT—PROCEDURE.
   On overruling a demurrer on a trial as a contested motion under Code Civ. Proc. § 976, the proper practice is to sign an order, instead of signing a decision containing a direction to enter an interlocutory judgment.
   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 218.*]

2. TRIAL (§ 18*)—ISSUE OF LAW—CONTESTED MOTION—"TRIED"—"DISPOSED OF."
   The word "tried," as used in Code Civ. Proc. § 976, providing that an issue of law may be brought and tried as a contested motion, is to be deemed as synonymous with the words "disposed of."
   [Ed. Note.—For other cases, see Trial, Dec. Dig. § 18.*
   For other definitions, see Words and Phrases, vol. 8, p. 7138; vol. 2, pp. 2114–2118.]

Action by the People against the Bleecker Street & Fulton Ferry Railroad Company. Demurrer to complaint overruled, and order on motion directed.

See, also, 124 N. Y. Supp. 782.

Edward R. O'Malley, Atty. Gen., for the People.
Wollman & Wollman, for defendant.

GREENBAUM, J. The hearing of a demurrer to the complaint of the plaintiff was brought on before me as "a contested motion," and after my decision overruling the demurrer formal findings and interlocutory judgment have been submitted to me by the successful party in conformity with the decision Section 976 of the Code of Civil Procedure provides that "an issue of law may be brought and tried as a contested motion." This provision evidently was intended to simplify the practice heretofore prevailing in the First and Second judicial districts necessitating the noticing such issue for trial and placing it upon the calendar for trial. I am of opinion that in such case the proper practice is to enter an order in the same manner as upon the disposition of a motion for judgment upon the pleadings under section 547 of the Code, instead of signing findings and directing the entry of an interlocutory judgment.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It may be urged that under this practice it would be unnecessary to move under section 976, inasmuch as the procedure would be identical with that provided under section 547 of the Code. This is doubtless true, but it also may be said, if the "contested motion" is technically to be treated as a trial, then it would be unnecessary to notice such an issue of law for trial and place it upon the calendar for trial, as the results would be identical. If the procedure under section 976 is to be regarded as a "trial," it would be incumbent upon the moving party to pay a clerk's trial fee, which is not the practice upon motions. It is very evident that the recent legislation which resulted in amending section 976 of the Code and in the enactment of section 547 of the Code, although commendable in purpose, was apparently hasty and not well considered, in that there are now three distinct provisions in the Code for bringing on a hearing upon an issue of law, with unnecessary complications as to whether technically it is to be regarded as a "trial" or "a motion" under a given provision. It is to be hoped that future legislation may simplify the practice by assimilating in one section the procedure in these cases. It seems to me that the provision of section 976 that "an issue of law may be brought on and tried * * * as a 'contested motion'" was designed to do away with the dilatory and unnecessary practice of treating a hearing upon a demurrer as a trial and to dispose of it as a motion. Confusion arises from the use of the word "tried," but I am of opinion that the word "tried" is to be deemed as synonymous with "disposed of." The proposed findings and judgment will not be signed, but an appropriate order upon the motion may be entered.

Ordered accordingly.