(79 Misc. Rep. 80.)

KRAMER v. BARTH et al.

(Supreme Court, Appellate Term, First Department. January 13, 1913.)

1. APPEAL AND ERROR (§ 419*)—NOTICE OF APPEAL—FORM.

There is no right of appeal from "a paper," and an appeal purporting to be from a paper will be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2145, 2146; Dec. Dig. § 419.*]

2. APPEAL AND ERROR (§ 78*)—CONSTRUCTION—FINAL JUDGMENTS.

A judgment entered upon the failure of defendants to act on the permission granted in the order overruling their demurrer to withdraw it and answer, is a final, not an interlocutory, judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 464–483; Dec. Dig. § 78.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

3. PLEADING (§ 222*)—DEMURRER—TIME TO PLEAD OVER.

Where an order overruling a demurrer required defendant to plead over within six days after service of the copy "of this order" with notice of entry upon defendant's attorney, the service of the order, as resettled by defendant's attorney upon plaintiff's attorney, will not set the time running.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 570–574; Dec. Dig. § 222.*]

4. JUDGMENT (§ 163*)—DEFAULT JUDGMENT—VACATION—PRACTICE.

That the time for defendants to answer after the overruling of their demurrer was not set in motion by service of notice of entry of the order may be raised upon a motion to vacate a judgment entered for want of an answer, predicated upon an affidavit showing the facts.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 323; Dec. Dig. § 163.*]

5. COSTS (§ 152*)—DEMURRERS—PRACTICE.

Code Civ. Proc. §§ 964, 965, 969, respectively, provided that an issue of law arises upon demurrer, that issues of law must first be disposed of, and that they must be tried by the court, while sections 547 and 976, respectively, provide that an issue of law may be brought on and tried as a contested motion, and that, if either party be entitled to judgment upon the pleading, the court may upon motion issue joined give judgment upon the pleadings. Held that, under the latter sections, a demurrer may be disposed of as a contested motion in which case no written decision is necessary, and costs cannot exceed those before notice of trial and $10 motion costs, or it may be disposed of as an issue of law, in which case under sections 1010 and 1021 a written decision is necessary: final judgment being directed if the unsuccessful party fails to comply with the interlocutory orders, and the costs will include those after notice of trial, and the trial fee.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 591; Dec. Dig. § 152.*]

6. PLEADINGS (§ 198*)—DEMURRERS.

One of several defendants may demur where the complaint states no cause of action against him; a demurrer being in effect a declaration

that the demurrant will go no further because nothing has been shown against him.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 461–463; Dec. Dig. § 198.*]

7. PARTIES (§ 92*)—JOINDER—MISJOINDER.

Code Civ. Proc. § 488, subsec. 6, providing that a defendant may demur where there is a defect of parties plaintiff or defendant, permits a demurrer only for nonjoinder, not misjoinder, of parties.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 150–152; Dec. Dig. § 92;* Pleading, Cent. Dig. § 494.]

Appeal from City Court of New York, Special Term.

Action by Mary Kramer against Max Barth and another. From an order overruling a demurrer with leave to withdraw the demurrer and answer, and "from a paper dated November 1, 1912, entered in pursuance of said order, purporting to be an interlocutory judgment," defendants appeal. Order reversed and proceedings vacated, but appeal dismissed in so far as taken. from a paper purporting to be an interlocutory judgment.

See, also, 139 N. Y. Supp. 345.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Max Schleimer, of New York City, for appellants.

Jacob W. Block, of New York City, for respondent.

PAGE, J.  [1, 2]  There is no right of an appeal from a "paper." There was a judgment entered upon the failure of the defendants as is recited in the judgment to avail themselves of the permission granted in the order overruling the demurrer to withdraw the demurrer and serve an answer. This is not an interlocutory judgment, nor does it purport to be such. It is a final judgment.

[3, 4]  The affidavit showing the default of the defendants recited in the judgment is not included in the printed papers on appeal, and is not before us. If the order of October 23, 1912, which recited the prior orders, was not served by the plaintiff upon the defendants, the time within which the defendants were required to withdraw the demurrer and serve an answer had not been limited. That time as stated in the order was "within six days after the service of a copy of this order with notice of entry upon their [defendants'] attorneys." The service of the resettled order by the defendants' attorney upon the plaintiff's attorney is not sufficient to set the time running. Rohr v. Linch, 78 Misc. Rep. 45, 137 N. Y. Supp. 752. This objection, however, could properly be urged on a motion to vacate the judgment predicated upon affidavits showing the facts, or, if the affidavit upon which the judgment was entered does not show a service of the order with notice of entry on the defendants' attorney, the motion might be based upon the papers on which the judgment was entered. We, however, will not review the judgment on an appeal from a "paper."

[5]  The appellant claims that the order and judgment should be reversed, for the reason that the court did not make and file a written

decision, and the imposition of $35 costs as a condition for granting leave to amend is unauthorized, for the reason that $10 costs is all that could be imposed. The attempts to simplify the practice with respect to demurrers has led to confusion in the minds of some members of the bar, and calls for a statement of what would seem to be elementary rules of practice. A demurrer may be brought on for trial as an issue of law. Code Civ. Proc. §§ 964, 965, 969. In which case a notice of trial must be served. On the determination of the issue, if the demurrer be sustained or overruled, and leave given to amend or to withdraw the demurrer and plead over, and the privilege is availed of, costs after notice of trial and the trial fee of an issue of law are properly imposed. But if final judgment is directed, or if final judgment is entered because the privilege of amending or pleading over is not accepted, then costs before and after notice of trial and the trial fee of an issue of law are taxable. De Turckheim v. Thomas, 113 App. Div. 123, 99 N. Y. Supp. 104. Or an issue of law may be brought on and tried at any term of court as a contested motion. Section 976. In which case a notice of motion, and not a notice of trial, is served, and on the determination of the motion, if the demurrer is sustained and leave given to amend, or overruled, and leave given to withdraw the demurrer and plead over, only $10 motion costs are allowed. If final judgment is entered, costs before notice of trial and the motion costs are taxable.

Or a motion may be made for judgment on the pleadings (section 547), which, of course, must be brought on by notice of motion, and the court on determining the motion if leave to amend or to withdraw the demurrer and plead over be given has power to impose such terms as may be just. Costs, however, cannot exceed those before notice of trial and $10 motion costs. Singer Mfg. Co. v. Granite Spg. W. Co., 67 Misc. Rep. 575, 124 N. Y. Supp. 750; Framingham Trust Co. v. Villard, 74 Misc. Rep. 204, 210, 133 N. Y. Supp. 823.

While the amendments to the Code have provided two methods of disposing of a demurrer, additional to the trial of the issue of law, that method has not been eliminated from the Code, nor have the provisions applicable thereto been superseded. Therefore where, as in the present case, the issue of law is brought on for trial by the service of a notice of trial, the decision of the court in writing must be filed (section 1010), which must direct the final or interlocutory judgment to be entered thereupon, and shall contain no findings of fact but only conclusions of law. If leave is given to plead anew or amend, an interlocutory judgment should be directed, and, if no other issue remains to be tried, it should direct final judgment, if the party fails to comply with any of the terms of the interlocutory judgment. Section 1021. Where the matter is brought before the court on notice of motion either under sections 976 or 547, no written decision nor interlocutory judgment need be filed or entered, but an order should be entered. People v. Bleecker St. & Fulton Ferry R. R. Co., 67 Misc. Rep. 582, 124 N. Y. Supp. 786; Nat. Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846, affirmed 203 N. Y. 556, 96 N. E. 1122. It is an anomalous situation that there should be this

difference in practice, and what are called "antiquated and useless formalities" (Nat. Park Bank v. Billings, supra, 144 App. Div. 539, 129 N. Y. Supp. 848) should still be preserved, when a simpler and more expeditious manner has been devised for the disposition of an issue of law by bringing it on as a contested motion. Relief from this condition can be had, however, only in legislation. Further amendments to the Code of Civil Procedure eliminating the provisions for the trial of an issue of law otherwise than by motion, and the requirements for a written decision and interlocutory judgment, would simplify the practice and carry into effect the legislative intent by making that which now rests in the discretion of litigants, whether to bring on the demurrer by notice of trial or notice of motion, mandatory, by providing only the simpler and more rational method of motion, but, so long as both procedures are recognized, the court must adapt its procedure in compliance with the statutory requirements. It follows that the order must be reversed and all proceedings taken thereunder vacated and set aside, and the case remitted to the City Court for appropriate action.

[6] In order that the matter may be finally disposed of in the lower court, we have examined the grounds of demurrer set forth, and have come to the conclusion that the demurrer to the complaint for the reason that it did not state facts sufficient to constitute a cause of action against Charles Barth should have been sustained. In the amended complaint there is not a single allegation of fact concerning Charles Barth. It is true that where a party has been named individually, and there is a cause of action stated against him in a representative capacity or vice versa, the courts have held on demurrer that the caption was not controlling, but the entire complaint would be examined, and, if a cause of action was stated against him in either capacity, the demurrer would be overruled. Rowe v. Rowe, 103 App. Div. 100, 92 N. Y. Supp. 491; Soldiers' Home v. Sage, 11 Misc. Rep. 159, 33 N. Y. Supp. 549; Beers v. Shannon, 73 N. Y. 292, 297; First Nat. Bank v. Shuler, 153 N. Y. 163, 173, 47 N. E. 262, 60 Am. St. Rep. 601. These cases cannot be considered as sustaining the contention that where there are two defendants, and a cause of action is only alleged against one, the other defendant cannot demur for insufficiency as to him. The decisions are to the contrary. "Where there are several defendants some may answer while others demur. A demurrer is in effect a declaration that the party demurring will go no further, because the other has shown nothing against him. And a demurrer will be sustained where the cause of action set forth in the complaint fails to show any connection between the facts therein alleged and the party defendant by whom the demurrer is interposed." Webb v. Vanderbilt, 39 N. Y. Super. Ct. 4, 10. See, also, People v. N. Y. City Cent. Underground Ry. Co., 15 N. Y. Supp. 245,[1] Gen. Term Sup. Ct. 1st Dep't; Polak v. Runkel, 56 App. Div. 365, 67 N. Y. Supp. 753.

[7] The joint demurrer of the defendants on the ground of a de-

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 60 Hun, 583.

fect of parties defendant was properly overruled. A defect of parties as ground of demurrer under subdivision 6 of section 488 of the Code of Civil Procedure means a nonjoinder, and not a misjoinder of parties. A complaint is not demurrable for too many parties defendant. Hall v. Gilman, 77 App. Div. 458, 79 N. Y. Supp. 303; Tew v. Wolfshon, 77 App. Div. 454, 79 N. Y. Supp. 286; Adams v. Slingerland, 87 App. Div. 312, 84 N. Y. Supp. 323.

In so far as the appeal is taken from "a paper purporting to be an interlocutory judgment," it is dismissed.

The order appealed from is reversed, and all proceedings had thereunder are vacated without costs to either party as against the other. All concur.