Mary Kramer, Respondent, v. Max Barth and Charles Barth, Appellants.

(Supreme Court, Appellate Term, First Department, January, 1913.)

Pleading — demurrer to complaint — motion for judgment on the pleadings — allegations of complaint.

> A demurrer may be brought to trial (1) as an issue of law under sections 963, 965, 969 of the Code of Civil Procedure; (2) as a contested motion under section 976 of said Code, or (3) by a motion under section 547 of said Code for judgment on the pleadings.

> Where a demurrer is brought on for a hearing either as a contested motion under said section 976, or for judgment on the pleadings under section 547, neither a written decision nor an interlocutory judgment need be filed or entered, but an order should be entered.

> Where the hearing of a demurrer under sections 963, 965, 969 is brought on by service of a notice of trial, the written decision of the court, which must be filed as provided by section 1010 of the Code of Civil Procedure, must direct the final or interlocutory judgment to be entered, and must contain only conclusions of law.

> Where a complaint alleges a cause of action as to only one of the defendants, the others may not demur to the complaint for insufficiency as to them.

Appeal from the order of the City Court overruling the demurrer interposed by the defendant and also from " the paper dated November 1, 1912, entered in pursuance of said order purporting to be an interlocutory judgment assumed, claimed and intended to be an interlocutory judgment herein, which said paper was filed and entered in the office of the clerk of this court on November 1, 1912."

Max Schleimer, for appellants.

Jacob W. Block, for respondent.

Page, J.    There is no right of an appeal from a " paper." There was a judgment entered upon the failure of the defendants, as is recited in the judgment, to avail themselves of the permission granted in the order overruling the demurrer to withdraw the demurrer and serve an answer. This is not an interlocutory judgment, nor does it purport

to be such. It is a final judgment. The affidavit showing the default of the defendants, recited in the judgment, is not included in the printed papers on appeal and is not before us. If the order of October 23, 1912, which recited the prior orders, was not served by the plaintiff upon the defendant, the time within which the defendants were required to withdraw the demurrer and serve an answer had not been limited. That time, as stated in the order, was " within six days after the service of a copy of this order, with notice of entry upon their " (defendants) " attorneys." The service of the resettled order by the defendants' attorney upon the plaintiff's attorney is not sufficient to set the time running. Rohr v. Linch, 78 Misc. Rep. 45. This objection, however, could properly be urged on a motion to vacate the judgment predicated upon affidavits showing the facts, or, if the affidavit upon which the judgment was entered does not show a service of the order, with notice of entry on the defendants' attorney, the motion might be based upon the papers on which the judgment was entered. We, however, will not review the judgment on an appeal from a " paper."

The appellant claims that the order and judgment should be reversed, for the reason that the court did not make and file a written decision, and the imposition of thirty-five dollars costs as a condition for granting leave to amend is unauthorized, for the reason that ten dollars costs is all that could be imposed. The attempt to simplify the practice with respect to demurrers has led to confusion in the minds of some members of the bar and calls for a statement of what would seem to be elementary rules of practice. A demurrer may be brought on for trial as an issue of law. Code Civ. Pro., §§ 963, 965, 969. In which case a notice of trial must be served. On the determination of the issue, if the demurrer be sustained or overruled and leave given to amend or to withdraw the demurrer and plead over, and the privilege is availed of, costs after notice of trial and the trial fee of an issue of law are properly imposed. But if final judgment is directed, or if final judgment is entered because the privilege of amending or pleading over is not accepted, then costs before and after notice of trial and the

6

Supreme Court, Appellate Term, January, 1913. [Vol. 79.

trial fee of an issue of law are taxable. De Truckheim v. Thomas, 113 App. Div. 123. Or an issue of law may be brought on and tried at any term of court as a contested motion. Code Civ. Pro., § 976. In which case a notice of motion and not a notice of trial is served, and on the determination of the motion if the demurrer is sustained and leave given to amend or overruled and leave given to withdraw the demurrer and plead over, only ten dollars motion costs are allowed. If final judgment is entered, costs before notice of trial and the motion costs are taxable.

Or a motion may be made for judgment on the pleadings (Code Civ. Pro., § 547) which, of course, must be brought on by notice of motion, and the court on determining the motion, if leave to amend or to withdraw the demurrer and plead over be given, has power to impose such terms as may be just. Costs, however, cannot exceed those before notice of trial and ten dollars motion costs. Singer Mfg. Co. v. Granite Spg. W. Co. 67 Misc. Rep. 575; Framingham Trust Co. v. Villard, 74 id. 204, 210.

While the amendments to the Code have provided two methods of disposing of a demurrer, additional to the trial of the issue of law, that method has not been eliminated from the Code, nor have the provisions applicable thereto been superseded. Therefore, where, as in the present case, the issue of law is brought on for trial by the service of a notice of trial the decision of the court in writing must be filed (§1010), which must direct the final or interlocutory judgment to be entered thereupon, and shall contain no findings of fact but only conclusions of law; if leave is given to plead anew or amend, an interlocutory judgment should be directed, and if no other issue remains to be tried it should direct final judgment if the party fails to comply with any of the terms of the interlocutory judgment (§1021). Where the matter is brought before the court on notice of motion, either under sections 976 or 547, no written decision or interlocutory judgment need be filed or entered, but an order should be entered. People v. Bleecker St. & Fulton Ferry RR. Co., 67 Misc. Rep. 582; Nat. Park Bank v. Billings, 144 App. Div. 536; affd. 203 N. Y. 556. It is an

anomalous situation that there should be this difference in practice and what are called " antiquated and useless formalities " (Nat. Park Bank v. Billings, *supra,* 539) should still be preserved when a simpler and more expeditious manner has been devised for the disposition of an issue of law by bringing it on as a contested motion. Relief from this condition can be had, however, only in legislation. Further amendments to the Code of Civil Procedure eliminating the provisions for the trial of an issue of law otherwise than by motion, and the requirements for a written decision and interlocutory judgment would simplify the practice and carry into effect the legislative intent by making that which now rests in the discretion of litigants, whether to bring on the demurrer by notice of trial or notice of motion, mandatory by providing only the simpler and more rational method of motion, but so long as both procedures are recognized the court must adapt its procedure in compliance with the statutory requirements. It follows that the order must be reversed and all proceedings taken thereunder vacated and set aside, and the case remitted to the City Court for appropriate action.

In order that the matter may be finally disposed of in the lower court we have examined the grounds of demurrer set forth and have come to the conclusion that the demurrer to the complaint, for the reason that it did not state facts sufficient to constitute a cause of action against Charles Barth, should have been sustained. In the amended complaint there is not a single allegation of fact concerning Charles Barth. It is true that where a party has been named individually and there is a cause of action stated against him in a representative capacity, or *vice versa,* the courts have held on demurrer that the caption was not controlling, but the entire complaint would be examined, and if a cause of action was stated against him in either capacity the demurrer would be overruled. Rowe v. Rowe, 103 App. Div. 100; Soldiers' Orphan Home v. Sage, 11 Misc. Rep. 159; Beers v. Shannon, 73 N. Y. 292, 297; First Nat. Bank v. Shuler, 153 id. 163, 173. These cases cannot be considered as sustaining the contention that where there are two defendants, and a

cause of action is only alleged against one, the other defendant cannot demur for insufficiency as to him. The decisions are to the contrary. " Where there are several defendants some may answer while others demur. A demurrer is in effect a declaration that the party demurring will go no further, because the other has shown nothing against him. And a demurrer will be sustained where the cause of action set forth in the complaint fails to show any connection between the facts therein alleged and the party defendant by whom the demurrer is interposed." Webb v. Vanderbilt, 39 N. Y. Super. Ct. 4, 10. See also People v. N. Y. City Cent. Underground Ry. Co., 15 N. Y. Supp. 245 ; Polak v. Runkle, 56 App. Div. 365. The joint demurrer of the defendants on the ground of a defect of parties defendant was properly overruled. A defect of parties as ground of demurrer under subdivision 6 of section 488 of the Code of Civil Procedure means a non-joinder and not a misjoinder of parties; a complaint is not demurrable for too many parties defendant. Hall v. Gilman, 77 App. Div. 458; Tew v. Wolfshon, Id. 454; Adams v. Shingerland, 87 id. 312.

In so far as the appeal is taken from " a paper purporting to be an interlocutory judgment " it is dismissed.

SEABURY and LEHMAN, JJ., concur.

Order reversed and all proceedings vacated, without costs.