the action. Ordinarily, no other allegations are necessary or material. Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121 [73 N. E. 562]." Kolb v. Mortimer, 135 App. Div. at page 544, 120 N. Y. Supp. at page 544.

In the stockholder's class of action allegations of fact concerning dereliction of the persons accused are both pertinent and proper, but varied and disconnected charges against the corporation itself are entirely irrelevant.

The defendants' motion is granted, and paragraphs 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 39, 41, 42, 43, 44, and 45; save as to the modification of paragraphs 28 and 31 in the defendants' notice of motion, should be stricken from the complaint.

Settle order on notice.

---

## TAISHOFF et al. v. ELKENA et al.

(Supreme Court, Appellate Division, First Department. January 21, 1916.)

1. JUDGMENT ☞593—CONCLUSIVENESS—GROUNDS OF ACTION.
    Whatever equitable grounds plaintiff may have had to charge a trust estate with a lien on account of advances made for the benefit of, or repairs upon such estate, should be presented in an action where it was sought to subject the estate to liens; and, judgment having been entered therein, such grounds cannot be urged in a subsequent suit.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1108; Dec. Dig. ☞593.]

2. JUDGMENT ☞689—CONCLUSIVENESS—SUCCESSIVE TRUSTEES.
    The original trustees were adjudged personally liable to plaintiff for their breach of a contract with respect to the leasing of the trust property. Thereafter such trustees died, and defendants were appointed in their stead. *Held*, that defendants, not having participated in the wrong of their predecessors, were in no way personally liable, and the judgment was not an adjudication of their liability.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1212; Dec. Dig. ☞689.]

3. PLEADING ☞350—JUDGMENT ON PLEADING—ORDER—FORMS.
    A short form order sustaining a motion for judgment on the pleadings properly made no provision for entry of an interlocutory judgment.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1053, 1054, 1070–1077; Dec. Dig. ☞350.]

4. PLEADING ☞218—DEMURRER—ORDERS.
    Where an order allowed defendants to answer without granting leave to withdraw the demurrer, it should provide for final judgment on defendants' default.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. ☞218.]

5. PLEADING ☞218—DEMURRERS—PRACTICE.
    Code Civ. Proc. §§ 963, 965, and 969 respectively provide that an issue of law arises upon demurrer, that issues of law must first be disposed of, and that they must be tried by the court, while sections 547 and 976 respectively provide that an issue of law may be brought on and tried as a contested motion, and that, if either party be entitled to judgment upon the pleading, the court may upon motion issue joined give judgment upon the pleadings. *Held* that, under the latter sections, a demurrer may be disposed of as a contested motion, in which case no written decision is

necessary, and costs cannot exceed those before notice of trial and $10 motion costs, or it may be disposed of as an issue of law, in which case, under sections 1010 and 1021, a written decision is necessary, final judgment being directed if the unsuccessful party fails to comply with the interlocutory orders, and the costs will include those after notice of trial and the trial fee.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. ☞218.]

Appeal from Special Term, New York County.

Action by Benjamin Taishoff and others against Annie V. Elkena, and others. From an order granting plaintiff's motion for judgment on the pleadings, and from an interlocutory judgment, defendants appeal. Interlocutory judgment and order reversed.

Argued before CLARKE, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

William A. Purrington, of New York City, for appellants.

Max Schleimer, of New York City, for respondents.

PAGE, J. The action is brought to recover from the defendants personally $14,386.38 as damages resulting from an alleged failure of their predecessor trustees to make a lease as executors and trustees. Briefly stated, the complaint alleges the residence and death of Mary A. Buskirk in Kings county, this state; that at the time of her death she was seised in fee of certain real estate on Bedford avenue, Brooklyn; that she left a last will and testament, which was duly probated, and letters testamentary duly issued to George W. Buskirk and John V. Buskirk, the executors therein named, who duly qualified and continued to act until the date of their death; that the will empowered the executors and trustees to sell certain of her real estate and to apply the proceeds thereof, or so much as may be necessary, to the improvement of her Bedford avenue property, in order to make the same income-producing, also authorizing them to borrow money, to secure the loans obtained by mortgage upon the Bedford avenue property for the purpose of improving the said property, and empowering them to make and execute deeds, mortgages, "and to do any and all other acts necessary to carry out the purposes of this my last will and testament"; that the said executors and trustees entered into a written agreement with the plaintiffs and one D'Amato, dated June 25, 1909, which agreement contained a separate, distinct, and independent covenant that, in consideration of the plaintiffs and D'Amato procuring a certain loan at their own cost and expense upon the bond of George W. Buskirk and John V. Buskirk, as executors and trustees, etc., for the amount and upon the terms and conditions set forth in said complaint, and in consideration that the plaintiffs and D'Amato would make certain repairs, alterations, and additions in and about the Bedford avenue property and furnish certain materials in connection therewith, the said executors promised to pay the plaintiffs and D'Amato the sum borrowed, in installments according to the progress of the work as shall be specified in a contract which was to be made between them; that the said agreement contained a separate, distinct, and independent covenant "that in consideration the said George W. Buskirk

and John V. Buskirk, as executors and trustees under said last will and testament of the said Mary A. Buskirk, deceased, let and rented unto the plaintiffs, and the said Gaetano D'Amato, and in consideration the plaintiffs and the said Gaetano D'Amato hired and took from the said George W. Buskirk and John V. Buskirk, as executors and trustees under said last will and testament of the said Mary A. Buskirk, deceased, the entire said premises for the term of three years, commencing four months after the completion of the said work, with the privilege of renewal for three additional years at a rental of $2,500 per year, payable in advance in monthly installments, together with the taxes, water rates, and insurance, except said additional term to be at an advance of 10 per centum on said rent; that the plaintiffs and the said Gaetano D'Amato were also to give a satisfactory bond for insurance of rents, or otherwise secure the said rents in the manner satisfactory to the said George W. Buskirk and John V. Buskirk, as executors and trustees under said last will and testament of the said Mary A. Buskirk, deceased"; that the said covenant also provided that a written lease was to be drawn by the said George W. Buskirk and John V. Buskirk, as executors and trustees under the last will and testament of the said Mary A. Buskirk, deceased, and was to be executed, acknowledged, and delivered to the plaintiffs and the said Gaetano D'Amato after the securing of the said loan.

The complaint further alleged that on or about October 30, 1909, the plaintiff obtained a loan which was accepted by the executors and trustees, and that the plaintiffs and D'Amato duly performed all the terms, covenants, and conditions of said agreement on their part to be performed in so far as they were permitted to perform said agreement; that on said date the said executors entered into an agreement with the plaintiffs and D'Amato for the doing of the work, furnishing the materials, and making the installment payments as provided in said covenant; that thereafter the said executors failed to make payments of the installments, but instead applied part of the money advanced on the loan in payment of debts of the estate, and failed and neglected and refused to execute, acknowledge, and deliver to the plaintiffs and said D'Amato a written lease; that by reason of the defaults in payment and refusal to make the lease the plaintiffs and D'Amato were obliged to and did abandon the work under said agreement on or about January 20, 1910; that thereafter, after the work on said buildings was completed, the said executors and trustees refused to permit the plaintiffs and D'Amato to take possession of the premises; that John V. Buskirk died on October 10, 1910, and George W. Buskirk continued to act as the sole surviving executor and trustee under said will; that on March 24, 1911, the plaintiffs and D'Amato commenced an equitable action in the Supreme Court against George W. Buskirk, individually and as the only surviving trustee, etc., to impress an equitable lien upon the said premises for the work, labor, and services rendered by them and materials furnished under said contracts; that George W. Buskirk interposed a defense that these plaintiffs and D'Amato broke the said agreements, and also counterclaimed for damages for said breach; that after a trial of the issues a judgment was

duly rendered in favor of the plaintiffs, decreeing that they have an equitable lien on said premises in an amount therein stated, and that the defendant pay the same within 10 days, and in default thereof that the said premises be sold by a referee and out of the proceeds the plaintiffs be paid the amount of the lien; that it was found as a fact in the decision that the executors had failed to draw and execute the lease to the plaintiffs; and as conclusions of law, that the failure of the said executors to pay the plaintiffs said amounts within the time promised and agreed constituted a breach of the said agreement which justified the plaintiffs in abandoning the work under said agreement, and that the failure of the said executors to draw and execute the lease at the time the plaintiffs secured said loan constituted a breach of said agreement on the part of said executors which justified the plaintiffs in abandoning the work. The surviving executor appealed from said judgment, but pending said appeal he died, and the present defendants were duly appointed trustees in place of George W. Buskirk and were substituted in said action as defendants. The judgment was modified by reducing the amount of the lien, and, as modified, affirmed.

The complaint then alleges that the judgment is a bar against the defendants herein, and that the matters herein have become and now are res adjudicata in favor of the plaintiffs, except as to the amount of the damages sustained by them; that by reason of the failure, neglect, and refusal of the said George W. Buskirk and John V. Buskirk, as executors and trustees, to make, execute, acknowledge, and deliver a written lease upon the terms and conditions hereinbefore stated, and to permit them to take possession of the premises, plaintiff sustained damages in the sum of $14,386.38. It is also alleged that prior to the bringing of this action D'Amato assigned to the plaintiffs all his rights in and to the agreements and all claim that he might have against the said executors. Judgment is demanded against these defendants in the sum of $14,386.38, with interest from January 20, 1910 (which is four years and six months before they were appointed trustees).

[1, 2] In all of the 13 printed pages of this complaint there is not a single allegation of any act of these defendants or failure to act or demand upon them of any nature whatsoever. The complaint is drawn upon the theory that, when the defendants succeeded to the trust, they assumed the obligations of the contracts made between the former trustees and plaintiffs, and were personally liable for any breaches thereof committed by their predecessors. There is no foundation for such claim. U. S. Trust Co. v. Stanton, 139 N. Y. 531, 533, 34 N. E. 1098; Matter of Van Slooten v. Dodge, 145 N. Y. 327, 39 N. E. 950. Whatever equitable grounds may have existed to charge the trust estate were or should have been litigated and settled in the suit in equity brought by plaintiff in the Supreme Court in Kings County. The learned justice at Special Term in deciding the motion relied upon Greason v. Keteltas, 17 N. Y. 491, and Schoellkopf v. Coatsworth, 55 App. Div. 331, 66 N. Y. Supp. 979. Neither of these cases sustains the proposition of law for which they were cited. In Greason v. Keteltas a lease of land was made by trustees for 21 years, the lessee to erect a building upon the land, at the expiration

of the term the value of the building to be ascertained by two sworn appraisers, one to be chosen by each of the parties, or, in case of their disagreement, by an umpire to be chosen by the appraisers, and if the lessors or their representatives, etc., did not pay to the lessee, his representatives, or assigns, the appraised value thereof, then the lease was to be renewed for another term of 21 years upon such rent as should be agreed upon by the parties or determined by appraisers and an umpire to be chosen as aforesaid. During the term of the lease Keteltas was appointed a successor trustee, and at the expiration of the lease was called upon to appoint an appraiser, and was held personally liable to the lessees in damages. It will be noticed that the contract was broken by the present trustee. In the case of Schoellkopf v. Coatsworth there was no question of trusteeship involved; it holds, where a lease for 15 years required the lessee to erect a building on the property, and the lessors to pay at the expiration of the term above created, unless the lessors 6 months before the expiration of the term gave notice of intention to take possession of the premises at the expiration of the term, and on failure to give such notice the lease should be continued for a term of 5 years upon the same terms and conditions thereinbefore expressed except as to rent, and the lessors stipulated that so often as they should fail to give such 6 months' notice they would renew the lease for a term of 5 years; that although the lease continued for 50 years, at its expiration pursuant to notice, the assignees of the lessees were entitled to recover the value of the buildings from the successors in title of the lessees. We know of no case where a successor, executor, or trustee has been held personally liable upon a contract of his predecessor, in the absence of some act of his own in breach of the contract. These considerations required the reversal of the order and interlocutory judgment.

[3-5] The short form order very properly made no provision for the entry of an interlocutory judgment and none should have been entered. National Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846, affirmed 203 N. Y. 556, 96 N. E. 1122. The order allowed the defendant to answer without granting leave to withdraw the demurrer, and should have provided for final judgment on the defendants' default. We feel constrained, because of the irregularities in practice in these motions, to direct attention to the practice decisions governing motions for judgment on the pleadings, demurrers heard on contested motions, and trials of issues of law, and the rules deduced therefrom as stated by the Appellate Term in Kramer v. Barth, 79 Misc. Rep. 80, 139 N. Y. Supp. 341, which we adopt as follows:

"The attempt to simplify the practice with respect to demurrers has led to confusion in the minds of some members of the bar and calls for a statement of what would seem to be elementary rules of practice. A demurrer may be brought on for trial as an issue of law (Code Civ. Proc. §§ 963, 965, 969), in which case a notice of trial must be served. On the determination of the issue, if the demurrer be sustained or overruled, and leave given to amend or to withdraw the demurrer and plead over, and the privilege is availed of, costs after notice of trial and the trial fee of an issue of law are properly imposed. But if final judgment is directed, or if final judgment is entered because the

privilege of amending or pleading over is not accepted, then costs before and after notice of trial and the trial fee of an issue of law are taxable. De Turckheim v. Thomas, 113 App. Div. 123, 99 N. Y. Supp. 104. Or an issue of law may be brought on and tried at any term of court as a contested motion (Code Civ. Proc. § 976), in which case a notice of motion, and not a notice of trial, is served, and on the determination of the motion, if the demurrer is sustained and leave given to amend, or overruled and leave given to withdraw the demurrer and plead over, only $10 motion costs are allowed. If final judgment is entered, costs before notice of trial and the motion costs are taxable. Or a motion may be made for judgment on the pleadings (Code Civ. Proc. § 547), which, of course, must be brought on by notice of motion, and the court, on determining the motion, if leave to amend or to withdraw the demurrer and plead over be given, has power to impose such terms as may be just. Costs, however, cannot exceed those before notice of trial and $10 motion costs. Singer Mfg. Co. v. Granite Spg. W. Co., 67 Misc. Rep. 575, 124 N. Y. Supp. 750; Framingham Trust Co. v. Villard, 74 Misc. Rep. 204, 210, 133 N. Y. Supp. 823. While the amendments to the Code have provided two methods of disposing of a demurrer, additional to the trial of the issue of law, that method has not been eliminated from the Code, nor have the provisions applicable thereto been superseded. Therefore where, as in the present case, the issue of law is brought on for trial by the service of a notice of trial the decision of the court in writing must be filed (section 1010), which must direct the final or interlocutory judgment to be entered thereupon, and shall contain no findings of fact, but only conclusions of law; if leave is given to plead anew or amend an interlocutory judgment should be directed, and if no other issue remains to be tried it should direct final judgment if the party fails to comply with any of the terms of the interlocutory judgment (section 1021). Where the matter is brought before the court on notice of motion, either under sections 976 or 547, no written decision or interlocutory judgment need be filed or entered, but an order should be entered. People v. Bleecker St. & Fulton Ferry R. R. Co., 67 Misc. Rep. 582, 124 N. Y. Supp. 786; Nat. Park Bank v. Billings, 144 App. Div. 536, 129 N. Y. Supp. 846, affirmed 203 N. Y. 556, 96 N. E. 1122."

The interlocutory judgment and order should be reversed, with $10 costs and disbursements, and plaintiffs' motion for judgment on the pleadings denied, with $10 costs. Order filed. All concur.