Daniel J. McLaughlin and Another, Plaintiffs, v.
Philip M. Shaw, Defendant.

(Supreme Court, New York Special Term, November, 1920.)

Costs — judgment on the pleadings — when costs after notice of
trial and trial fee cannot be taxed.

> Where upon granting defendant's motion for judgment on
> the pleadings an order was entered sustaining a demurrer and
> dismissing the complaint with costs and.leave to amend but no
> costs were paid or amended complaint served, neither costs
> after notice of trial nor a trial fee may be taxed on the entry
> of final judgment in favor of defendant.

Motion by the defendant for an order directing the clerk to enter final judgment dismissing the complaint and to tax costs in the sum of sixty-five dollars.

Root, Clark, Buckner & Howland, for plaintiffs.

Hewson & Durkin, for defendant.

Giegerich, J.  The defendant heretofore moved for judgment on the pleadings, consisting of a complaint and demurrer, and his motion was granted.  An order was entered sustaining the demurrer and dismissing the complaint, with ten dollars costs, with leave to the plaintiffs to amend, and directing that in case of their failure to serve an amended complaint and pay the costs so awarded " the defendant have final judgment in his favor against the plaintiffs dismissing the complaint, with costs."  The costs were not paid, and no amended complaint was served within the time allowed in the order, and the defendant applied to the law clerk to enter judgment *ex parte,* presenting proof that,

Supreme Court, November, 1920.　　　[Vol. 113.

although the time fixed by the order had expired, no amended complaint had been served and the costs had not been paid. The clerk refused to enter judgment without the further direction of the court. A discussion took place between the clerk and the defendant's attorney as to the taxable costs upon entry of the judgment. The clerk took the position that only ten dollars costs before notice of trial, and ten dollars costs of the motion for judgment on the pleadings and ten dollars costs of the present motion are taxable, while it was claimed on behalf of the defendant that, in addition to the above items, aggregating thirty dollars, there should also be taxed fifteen dollars costs after notice of trial and twenty dollars trial fee of an issue of fact, making an aggregate of sixty-five dollars. The defendant now asks for an order directing the clerk to enter final judgment, and to tax costs in the sum of sixty-five dollars. The plaintiffs insist that only thirty dollars can properly be taxed, and rely upon *Kramer* v. *Barth,* 79 Misc. Rep. 80, and *Taishoff* v. *Elkema,* 171 App. Div. 288, in support of their position. In the former case the Appellate Term in an opinion written by Page, J., considered at length the new practice introduced by the amendments to the Code of Civil Procedure whereby an issue of law may be brought on and tried as a contested motion under section 976, or a motion may be made for judgment on the pleadings under section 547. The opinion in *Kramer* v. *Barth, supra,* went beyond the immediate question then before the court in order to consider fully the various ways of obtaining a determination upon an issue of law, and at page 82, in speaking of a trial of such issue as a contested motion, said: " On the determination of the motion if the demurrer is sustained and leave given to amend or overruled and leave given to withdraw the demurrer

and plead over, only ten dollars motion costs are allowed. If final judgment is entered, costs before notice of trial and the motion costs are taxable." The foregoing words were quoted and approved by the Appellate Division in *Taishoff* v. *Elkema*, 171 App. Div. 288. It is true that the court's statement that only costs before notice of trial and motion costs could be taxed on entry of final judgment was made with reference to a judgment entered after an order made upon a motion to have the issue of law tried as a contested motion, but no reason is apparent to me why the same rule should not apply where, as in this case, the final judgment is entered after an order made upon a motion for judgment on the pleadings. In both cases the question is presented and determined upon a motion as distinguished from the more formal method, prescribed by sections 963, 965 and 969 of the Code of Civil Procedure, of placing the case on the calendar and trying it as an issue of law. The latter method entails more services than are required in a mere motion, and as was said in *Singer Mfg. Co.* v. *Granite Spring Water Co.*, 67 Misc. Rep. 575, the provisions for taxing fifteen dollars costs before notice of trial and twenty dollars as a trial fee contemplate a compensation for the special services or procedure prescribed for that method of obtaining a determination of the issue of law. The case last cited, it may be observed, like the present, was a motion for judgment on the pleadings, but the question was not what costs can be taxed on entry of the final judgment, but what costs can be taxed where leave is given to the defendant to answer " on payment of costs." The two situations are analogous, if not identical, in principle. My conclusion is that no costs after notice of trial nor any trial fee can be taxed on entry of the final judgment. The motion is granted to the extent of directing the clerk to enter

24

final judgment and to tax as costs ten dollars costs before notice of trial, ten dollars costs of the motion for judgments on the pleadings, and ten dollars costs of the present motion, making an aggregate of thirty dollars costs, but in other respects denied, with ten dollars costs of this motion to the defendant.

Ordered accordingly.